**Nilson B. CHAVES, Appellant,**

**v.**

**Henry M. TODARO and Dorothy M. Todaro Trust, Appellees.**

**No. 01–88–00723–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 11, 1989.

Veda A. Moore, Thomas W. Moore, Moore and Moore, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Kathlyn Giannaula, Catherine Bertrand, Asst. Dist. Atty., Houston, for appellees.

Before SAM BASS, COHEN and MIRABAL, JJ.

OPINION

MIRABAL, Justice.

This is an appeal by writ of error from a default judgment.

Henry M. Todaro and Dorothy M. Todaro Trust (the Todaros) filed suit alleging that on August 12, 1979, they and several other individuals conveyed to Nilson B. Chaves an apartment project on Westview Drive in Houston, Texas. In return, Chaves executed a promissory note for $2,450,000 and a deed of trust to secure its payment. The promissory note stated that payments were to be sent to 23711 Cavanaugh Road, El Toro, California. Notices under the note were to be sent to Chaves at 636 Woodland Street, Orange, California. Chaves defaulted, the Todaros accelerated the matu-

rity of the note, and the apartment project was sold at a public foreclosure sale for $794,353.52. At the time of the foreclosure sale, $2,093,651.28 was owing under the note; after deducting the proceeds of the foreclosure sale, a balance of $1,298,297.76 remained owing to the Todaros. The original petition further states in part:

The Defendant is a resident of Rio de Janeiro, Brazil and may be served with process at Hughes W.K.M. do Brazil, CAIXA Postal 1597,, Ave. Almiranto, Barrosa 52–GRUPO–2201, Rio de Janeiro, R.P.J. G.B. Brazil, South America CEP 20031. Service should be made upon the Secretary of State of the State of Texas who will then serve the Defendant at the above address by registered mail and service is requested in this manner. Although the Defendant has no residence, regular place of business or designated agent within the State of Texas where service may be obtained the Defendant has done business in the State of Texas by virtue of the transaction set forth below. Accordingly, service of process may be affected upon him pursuant to Vernon's Civil Statutes by serving duplicate original citations on the Honorable Myra McDonald, Secretary of State of the State of Texas.

The Todaros had the original petition served on the Secretary of State of Texas. A return receipt in the record shows the Secretary of State sent the citation to Chaves by registered mail at the designated office address in Rio de Janeiro, Brazil; the receipt is signed by "Thomas Abot."

When Chaves did not answer, the Todaros moved for default judgment, and judgment was granted on December 14, 1987 in the amount of $1,298,297.76, plus interest at the rate of 8½ percent per annum accruing from September 4, 1984 to the judgment date, plus 10 percent per annum post judgment interest, plus attorney's fees equal to 10 percent of the principal and interest, plus costs. Chaves filed this writ of error appeal on June 13, 1988.

The four elements necessary for a review by writ of error are: (1) the proceeding must be brought within six months of the date of judgment, (2) by a party to the suit, (3) who did not participate in the trial, and (4) error must be apparent from the face of the record. *Fears v. Mechanical & Indus. Technicians, Inc.*, 654 S.W.2d 524, 527 (Tex.App.—Tyler 1983, writ ref'd n.r.e.). The first three elements have been met; we must determine whether there is an error apparent on the face of the record.

■ A petition for writ of error in a court of appeals to review a default judgment is a direct attack on the trial court's judgment. We indulge in no presumptions in support of the judgment's validity. The question to be decided is whether there is lack of jurisdiction apparent on the face of the record that would vitiate the judgment. *McKanna v. Edgar*, 388 S.W.2d 927, 928 (Tex.1965).

A record showing jurisdiction necessary to support a default judgment upon substituted service, such as we have here, must meet two major requirements: (1) the pleadings must allege facts that, if true, would make the defendant responsible to answer,—or, in the language of Tex.R.Civ. P. 120a, contain allegations making the defendant amenable to process by the use of the long-arm statute; and (2) there must be proof in the record that the defendant was, in fact, served in the manner required by statute. *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 95–96 (Tex.1973).

In his first point of error, Chaves argues in part that the Todaros did not strictly comply with the Texas long-arm statute because (1) the record failed to show that the Secretary of State required the *home* address of Chaves, as required by Tex.Civ. Prac. & Rem.Code Ann. § 17.045 (Vernon 1986); (2) the return receipt was signed by someone other than Chaves; and (3) the Todaros had actual knowledge of Chaves' California address, and there was no attempt to serve him at that address. We find that the record does not show Chaves was served in the manner required by statute. We therefore reverse and remand.

■ Tex.Civ.Prac. & Rem.Code Ann. § 17.044(b) (Vernon 1986), the long-arm statute, provides:

▮▮▮▮▮▮▮▮▮▮

(b) The secretary of state is an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the nonresident is a party.

Sections 17.045(a) and (d) state:

(a) If the secretary of state is served with duplicate copies of process for a nonresident, he shall require a statement of the name and address of the nonresident's home or home office and shall immediately mail a copy of the process to the nonresident.

\* \* \* \* \* \*

(d) The process or notice must be sent by registered mail or by certified mail, return receipt requested.

We interpret sec. 17.045(a) to mean that when an *individual* nonresident defendant has been sued, a statement of the individual's *home* address must be provided to the Secretary of State, and a copy of the process is to be mailed to that home address.

In the present case, the only address provided to the Secretary of State was contained in the Todaros' original petition. The Todaros alleged that defendant "is a resident of Rio de Janeiro, Brazil and may be served with process at Hughes W.K.M. do Brazil ...," providing that company's address. An affidavit filed on behalf of the Todaros states that "Chaves has been and continues to be an employee of Hughes Offshore Drilling Company of Houston, Texas." There is no proof that the Secretary of State required, or that the Todaros provided, the *home* address of Chaves for service.

Because the Todaros failed to strictly comply with the procedure prescribed by the Texas long-arm statute, the trial court did not acquire personal jurisdiction over Chaves. *See Verges v. Lomas & Nettleton Fin. Corp.*, 642 S.W.2d 820, 823 (Tex.App. —Dallas 1982, no writ) (the term "last known address" may not be construed as the equivalent of "home or home office address" required by long-arm statute);

*see also Brace v. Busboon*, 261 Ark. 556, 549 S.W.2d 802, 803 (1977) (Texas long-arm statute requires plaintiff to provide individual nonresident defendant's home address to Secretary of State, and plaintiff's failure to do so deprives trial court of personal jurisdiction).

We sustain Chaves' first point of error; therefore, it is unnecessary to address his remaining two points.

The judgment of the trial court is reversed, and this cause is remanded.