IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-232-CV





DEAN A. McCARTNEY AND JOHN CHURCHILL,



 APPELLANTS


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 476,442, HONORABLE JOE B. DIBRELL, JUDGE



 





PER CURIAM



 Appellants Dean A. McCartney and John Churchill seek
review by writ of error of a default judgment entered by the
district court of Travis County in favor of appellee the State of
Texas. We will reverse the judgment as to appellants and remand
that portion of the cause for a new trial.

 On December 20, 1989, the State filed suit against Dean
A. McCarty [sic], John Churchill, and Cleve McCarty alleging
individual liability for unpaid employment taxes owned by Permian
Chemical Company, Inc. See Tex. Tax Code Ann. §§ 171.252, 171.255
(1982). The record indicates that the Secretary of State was
served with citation, and that copies of the petition were
forwarded, by certified mail, to John Churchill and Dean A. McCarty
[sic] at the addresses given in the State's petition. See Tex.
Civ. Prac. & Rem. Code Ann. § 17.044 (1986 & Supp. 1991). When
neither appellant answered, the district court entered a default
judgment against Dean A. McCarty [sic], John Churchill, and Cleve
McCarty in the amount of $38,167.59, penalties, interest, and
costs. Tex. R. Civ. P. Ann. 239 (1976).

 In two points of error, appellants complain that the
district court erred in granting judgment because the citation was
fatally defective. By letter addressed to the Clerk of this Court,
the State answers that the judgment as to appellants should be set
aside.

 If a default judgment is attacked directly by writ of
error, it is essential that the record show strict compliance with
the rules regarding issuance of citation, manner of service, and
return of process. McKanna v. Edgar, 388 S.W.2d 927 (Tex. 1965). 
Failure to show such compliance on the face of the record renders
the attempted service of process invalid. Uvalde Country Club v.
Martin Linen Supply Co., Inc., 690 S.W.2d 884 (Tex. 1985).

 Pursuant to the State's original petition, citation was
directed to "Dean A. McCarty" at a Florida address by delivery on
the Secretary of State. Appellants assert, and the State does not
dispute, that Dean A. McCartney was the proper defendant received
the citation forwarded by the Secretary of State. Accordingly, the
record does not show strict compliance with the applicable rules
for issuance, service, and return of citation. Id. at 885; De La
Fuente v. Castillo, 740 S.W.2d 113 (Tex. App. 1987, no writ). We
sustain appellants' first point of error.

 Furthermore, the record does not show that the State
complied with Tex. Civ. Prac. & Rem Code Ann. § 17.045(a) (1986)
which provides that the Secretary of State "shall require a
statement of the name and address of the nonresident's home or home
office ...." The record does not reflect that the State furnished,
or that the Secretary of State required, such a statement for
either Dean A. McCartney or John Churchill. The only addresses
provided were those alleged in the State's original petition;
however, these addresses were not designated as home addresses. 
Accordingly, the State did not strictly comply with § 17.045. 
Chaves v. Todaro, 770 S.W.2d 944 (Tex. App. 1989, no writ);
Bannigan v. Market Street Developers, Ltd., 766 S.W.2d 591 (Tex.
App. 1989, no writ). We sustain appellants' second point of error.

 Because of our disposition of these points, we need not
address appellants' third point of error.

 The judgment of the district court is reversed as to Dean
A. McCarty [sic] and John Churchill and that portion of the cause
remanded for further proceedings.



[Before Chief Justice Carroll, Justices Aboussie and Jones]

Reversed and Remanded

Filed:  February 13, 1991

[Do Not Publish]