**Carol Aleman PHAGAN, Appellant,**

v.

**Juan Jose ALEMAN, Appellee.**

**No. 01–99–01094–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 28, 2000.

Scott David Nelson, Jonathan David Horowitz, Houston, for appellant.

Barry Kieval, Houston, for appellee.

Panel consists of Justices HEDGES, NUCHIA, and PRICE.*

## OPINION ON REHEARING

ADELE HEDGES, Justice.

The motion for rehearing is granted. Our opinion of June 29, 2000, is withdrawn and the following is substituted in its place.

Appellant, Carol Aleman Phagan (Wife), brings this restricted appeal challenging the trial judge's order, which adopted in full the recommended order of the "Title IV–D" child support master without first conducting a hearing *de novo*. We reverse and remand.

### Background

In 1991, the parties were divorced. The trial judge ordered appellee, Juan Jose Aleman (Husband), to pay child support in the amount of $400 a month. In 1998, the Attorney General of the State of Texas moved to enforce the child support order. Husband answered the Attorney General's allegations and moved to modify the child support order. Wife answered Husband's petition and also moved to modify the child support order. The trial judge referred the case to a child support master, who held a hearing and submitted a recommended order to the trial judge.

The child support master's recommended order rendered judgment in favor of Wife. Apparently dissatisfied with the recommendation, Wife filed a timely notice of appeal with the trial judge.[1]  Unaware

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas, Houston, participating by assignment.

1. This notice of appeal which was filed pursu-

ant to Texas Family Code § 201.1042(a) (Vernon Supp.2000) invoked the trial judge's jurisdiction to hear the appeal from the child

of the notice of appeal, the trial judge signed an order adopting the child support master's recommended order in full.

In two issues on appeal, Wife argues that this Court has jurisdiction to hear this restricted appeal and that we should reverse the trial judge's order because he entered it without first conducting a hearing *de novo*. We agree.

## Restricted Appeal

■ The present case is before this Court in the form of a restricted appeal because Wife did not file a timely notice of appeal under Texas Rule of Appellate Procedure 25.1, invoking our "ordinary" appellate jurisdiction. *See* Tex.R.App. P. 25.1(b). Thus, in order for this Court to address the merits of this appeal, Wife must have met the requirements of a restricted appeal. *See* Tex.R.App. P. 30; *Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997).

■ To pursue a restricted appeal, the party seeking to appeal must show that it did not participate in the "hearing that resulted in the judgment" complained of, and the error must appear on the face of the record. *Norman Communications*, 955 S.W.2d at 270. Thus, the first issue before us is whether the "hearing that resulted in the judgment" occurred when the child support master heard the evidence and prepared a recommended order, or when the trial judge considered, signed, and entered the order. We hold that it was the latter. *See Attorney General of Texas v. Orr*, 989 S.W.2d 464, 468 (Tex. App.—Austin 1999, no pet.).

The Texas Family Code authorizes trial judges to refer certain family law matters to either associate judges or to child support masters. *See generally* Tex. Fam. Code Ann. §§ 201.001–.208. Here, the trial judge referred the case to a child support master. The powers and duties of a child support master include: (1) taking testimony and making a record in "Title IV–D"

cases; (2) rendering and signing any order that is not a final order on the merits; and (3) recommending to the trial judge any order after a trial on the merits. *Id.* at § 201.104. Any party may appeal the recommendation of a child support master by filing a notice of appeal with the trial judge within three days of receiving notice of the recommendation. *Id.* at §§ 201.1042, 201.015. Once the notice of appeal is filed, the trial judge must conduct a hearing *de novo* addressing the issues raised. *Id.*

In *Orr*, the Austin Court of Appeals addressed a very similar issue. *Orr*, 989 S.W.2d at 468. In that case, the Attorney General sought to enforce a child support order. *Id.* at 466. The trial judge issued enforcement and wage withholding orders against Orr and placed him on probation. *Id.* The Attorney General then moved to have Orr's probation revoked, and Orr moved to set aside the orders. *Id.* The case was referred to an associate judge, who conducted an evidentiary hearing and prepared a report. *Id.* at 467. The Attorney General filed a notice of appeal with the trial judge. *Id.* The trial judge adopted the associate judge's report without change and without holding a hearing *de novo*. *Id.* The Austin Court of Appeals held that, under the Texas Family Code, the filing of a notice of appeal initiates an entirely new process before the trial judge, in which he or she makes an independent determination. *Id.* at 467–68. The Austin Court further held that, for purposes of a restricted appeal, the "hearing that result[s] in the judgment" occurs when the trial judge considers the matter. *Id.* at 468.

■ Although the trial judge in *Orr* referred the case to an associate judge rather than a child support master, we believe that the principle remains the same: once a timely notice of appeal is filed with the trial judge, and the trial judge adopts the recommendation of the child support master without conducting a

support master's recommended order, but did

not invoke our appellate jurisdiction.

hearing *de novo,* the "hearing that result[s] in the judgment" occurs when the trial judge considers the matter and enters judgment.[2] *See id.* As in the *Orr* case, wife in this case did not participate in the "hearing that resulted in the judgment." *See id.* Therefore, we may consider her restricted appeal. *See id.*

We sustain Wife's issue number one.

## Failure to Hold a Hearing *De Novo*

■ We must now determine if the error was on the face of the record. *See* TEX.R.APP. P. 30; *Norman Communications,* 955 S.W.2d at 270. Under the Texas Family Code, once a timely notice of appeal is filed, the trial judge "shall hold a hearing on all appeals." TEX. FAM.CODE ANN. §§ 201.1042(a), 201.015(c) & (f). The Family Code's requirement that a trial judge hold a hearing *de novo,* when a timely notice of appeal is filed, is mandatory. *Orr,* 989 S.W.2d at 469. The failure to hold such a hearing is presumed harmful. *Id.* As such, the trial judge's error was on the face of the record. *See id.*

We sustain Wife's issue number two.

## Conclusion

We hold that Wife has met the requirements of her restricted appeal and that the trial judge erred by adopting the child support master's recommended order without first conducting a hearing *de novo.* We reverse the judgment of the trial judge and remand the case for further proceedings.

2. The Family Code treats associate judges and child support masters differently. Specifically, when no notice of appeal is filed, the recommendation of an associate judge does not become the final order unless ratified by the trial judge. TEX. FAM.CODE ANN. § 201.013(b). In contrast, when no notice of appeal is filed, the recommendation of a child support master becomes the final order by operation of law without ratification by the trial judge. *Id.* at § 201.1041(a).