Opinion issued August 9, 2002 


 



 






In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-00082-CV

____________


IN RE BILLY EVERETT BISHOP, Relator







Original Proceeding on Petition for Writ of Mandamus






C O R R E C T E D O P I N I O N

 This opinion is issued to correct a clerical error in the original opinion of the
Court. The issue for this Court is whether a trial court abuses its discretion as a
matter of law when it signs temporary orders under section 6.709 (1) of the Family Code
before the three-day period has expired for appealing the associate judge's report to
the referring court under section 201.015(a) (2) of the Family Code.

 Relator, Billy Everett Bishop, complains in his petition for writ of mandamus
that Judge Millard (3) abused her discretion by signing temporary orders pending appeal
on December 20, 2001, the day after the associate judge made his findings and
recommendations. (4) Both relator, and the real party in interest, Allison Farone, agree
that the sequence of events was as follows:


 08/31/01 Final decree of divorce was signed, divorcing relator and
real party in interest.

 09/04/01 Relator timely filed a motion for new trial.

 11/20/01 Relator timely filed a notice of appeal. (5)

 12/19/01 The associate judge held a hearing on the motion of real
party in interest for temporary orders during appeal, made
his findings and recommendations, and set the case for
entry of judgment on December 20, 2001. (6) 

 12/20/01 After a hearing, the trial court signed temporary orders
pending appeal. Counsels for relator and real party in
interest signed the order "approved as to form."

 12/21/01 Relator filed a notice of appeal from the recommendations
of the associate judge.



 The December 20, 2001, order recites that both relator and real party in interest
appeared before the trial court with their attorneys and that the trial court heard
evidence and argument of counsel. The order also recites that a record of testimony
was recorded by the court reporter. (7)

 According to relator, a trial court cannot sign temporary orders pending appeal
prior to the expiration of the three-day period allowed for an appeal from an associate
judge's recommendations under section 6.709. Relator relies on Phagan v. Aleman,
29 S.W.3d 632 (Tex. App.- Houston [1st Dist.] 2000, no pet.). In Phagan, this Court
concluded, in the context of a restricted appeal, that once a timely notice of appeal is
filed with the referring court from a child support master's recommendations, the trial
court is required to hold a hearing. Id. at 635. Unaware that a notice of appeal had
been filed from the master's recommendations, the Phagan trial court did not hold a
hearing, but signed an order adopting the master's recommendations. Id. at 633-34. 
Since a hearing was held in this case, Phagan does not apply.

 After reviewing the petition for writ of mandamus, the response, and relator's
reply, the Court concludes that the trial court signed the temporary orders after a
hearing the same day at which relator, real party in interest, and their counsels were
present. It is undisputed that relator filed his notice of appeal from the
recommendations of the associate judge on December 21, 2001, the day after the
hearing. The Court concludes that relator had his hearing and opportunity to
complain of the recommendations of the associate judge on December 20, 2001.

 The petition for writ of mandamus is denied. The request of the real party in
interest for sanctions is denied.

PER CURIAM


Panel consists of Justices Hedges, Jennings, and Keyes.

Do not publish. Tex. R. App. P. 47.
1. "Not later than the 30th day after the date an appeal is perfected, on the
motion of a party or on the court's own motion, after notice and hearing, the trial
court may render a temporary order necessary for the preservation of the property and
for the protection of the parties during the appeal . . . ." Tex. Fam. Code Ann. §
6.709 (Vernon 1998). 
2. "A party may appeal an associate judge's report by filing notice of appeal not
later than the third day after the date the party receives notice of the substance of the
associate judge's report as provided by Section 201.001." Tex. Fam. Code Ann. §
201.015(a)(Vernon Supp. 2002). 
3. The Honorable Lisa Ann Millard, judge of the 310th District Court of Harris
County, Texas.
4. Relator has not provided this Court with a signed copy of the temporary
orders, and the copy provided by real party in interest, Allison Farone, was signed by
The Honorable Jo Anne Ottis, a visiting judge.
5. The appeal was assigned to the Court of Appeals for the Fourteenth District
of Texas at Houston, appellate cause no. 14-02-00132-CV, and is still pending there.
6. Relator advises the Court in his petition for writ of mandamus that a record
of the proceedings before the associate judge was made by the official court reporter,
but it was not included with his petition.
7. The Court has not been provided with a reporter's record of the December
20, 2001 hearing.