NO. 07-99-0164-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



OCTOBER 17, 2002


______________________________



RALPH FIELDS NORWOOD, III,



 Appellant


V.



HUDSON'S GRILL INTERNATIONAL, INC., 




 Appellee

_________________________________



FROM THE 101ST DISTRICT COURT OF DALLAS COUNTY;



NO. 98-04455-E; HON. JOHN WHITTINGTON, PRESIDING


_______________________________ 



Before QUINN and REAVIS, JJ. and BOYD, SJ. (1)

 Ralph Fields Norwood, III (Norwood) perfected a restricted appeal from a default
judgment entered in favor of Hudson's Grill International, Inc. (Hudson). (2) Through four
points of error, he contends that the trial court erred in issuing the judgment because he
was not properly served and, thus, personal jurisdiction over him never attached. We
reverse the default judgment.

 A restricted appeal must be 1) brought within six months of the day the trial court
signed the judgment, 2) by a party to the suit, 3) who did not participate in the hearing that
resulted in the judgment, 4) who did not timely file a post-judgment motion, request findings
of fact and conclusions of law, or file a notice of appeal within the time allotted by Texas
Rule of Appellate Procedure 26.1(a), and 5) who complains of error apparent from the face
of the record. Tex. R. App. P. 30; Norman Communications. v. Texas Eastman Co., 955
S.W.2d 269, 270 (Tex. 1997); Phagan v. Aleman, 29 S.W.3d 632, 634 (Tex. App.-Houston
[1st Dist.] 2000, no pet.). No one disputes the existence of the first four elements. Thus,
we need only address the last element, i.e., error appearing on the face of the record.

 As previously mentioned, Norwood contends that the trial court never obtained
personal jurisdiction over him because Hudson failed to properly serve citation. Because
the judgment before us is one of default, the record must reflect strict compliance with the
rules governing the issuance of citation, the manner of its service, and the return of
service. Commercial Union Assur. Co. PLC v. Silva, 988 S.W.2d 798, 800 (Tex. App.-San
Antonio 1999, no pet.); accord Primate Const., Inc. v. Silver, 884 S.W.2d 151, 152 (Tex.
1994) (stating that the record must show strict compliance with the rules of service). There
are no presumptions in favor of the valid issuance, service, and return of citation when the
default judgment is directly attacked via a restricted appeal. Silver, 884 S.W.2d at 152. Here, because service was attempted upon Norwood (a non-resident) via the Texas
Long Arm Statute, Tex. Civ. Prac. & Rem. Code Ann. §17.041 et. seq. (Vernon 1997 and
Vernon Supp. 2002), Hudson had to strictly comply with its provisions. One such provision
obligated Hudson to provide the Secretary of State with Norwood's "home" address. Id.
at 17.045(a) (Vernon 1997); World Distributors, Inc. v. Knox, 968 S.W.2d 474, 477-78
(Tex. App.-El Paso 1998, no pet.). (3) The addresses provided were 1200 Pacific Coast
Highway, #426, Huntington Beach, California 92648 and 450 Newport Center Drive, Suite
600, Newport Beach, California 92660-7616. The former was designated as a place where
Norwood "has resided" but "may have moved." The latter was designated as "his place
of business." (4) Yet, nothing of record illustrates that either locale was the defendant's
"home" address. At most, one could deduce that the Huntington Beach address may have
been at one time. Nevertheless, in appending to it the phrases "has resided" and "may
have moved," Hudson converted its allegation to one averring nothing more than what it
believed to be his last known address. And, providing the Secretary of State merely with
the non-resident's last known address does not satisfy the mandate of §17.045(a). Verges
v. Lomas Nettleton Financial Corp., 642 S.W.2d 820, 822-23 (Tex. App.-Dallas 1982, no
writ) (involving the predecessor of §17.045(a) which also required provision of the
"address of the home or home office of the non-resident"). 

 Accordingly, the record fails to show strict compliance with the Texas Long Arm
Statute and, therefore, shows error on the face of the record. Consequently, service was
"invalid and of no effect." Silva, 988 S.W.2d at 800. The default judgment is reversed, and
the cause remanded for further proceedings.


 Brian Quinn

 Justice


Do not publish.


1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2002). 
2. Other appellants included Victor Miller and Burgers of Diamond Bar. Their debt, however, was
discharged in bankruptcy, and we previously dismissed them from the appeal by a separate order. Because
nothing of record indicates that Norwood was or is in bankruptcy, the cause (which we previously abated)
is reinstated as to him.
3. The statute actually says that the Secretary of State shall be provided with "the name and address
of the nonresident's home or home office . . . ." Tex. Civ. Prac. & Rem. Code Ann. §17.045(a) (Vernon
1997). However, because Norwood was an individual, Hudson was obligated to provide Norwood's home
address. Chaves v. Todaro, 770 S.W.2d 944, 946 (Tex. App.-Houston [1st Dist.] 1989, no writ).
4. The Secretary of State mailed the citation to the Huntington Beach address, which citation was
"returned to [it] . . . bearing the notation Forwarding Order Expired." Nothing of record indicates that service
was ever attempted at the Newport Beach address.


 Priority="61" Name="Light List Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-0225-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

JULY 28, 2011

___________________________

 

 

In re
CHARLES ANTHONY ALLEN, SR., 

 

                                                                             Relator

___________________________

 

Memorandum
Opinion on Original Proceeding for Writ of Mandamus

__________________________

 

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

            Pending
before the court is Relators subsequent application
for writ of mandamus filed by Charles Anthony Allen, Sr.  Through his first application, he requested
that we order the Honorable Ron Enns, district judge,
69th Judicial District, to further process Relators
Complaint by forwarding to the Attorney General[s] Office [and] counsel for
the defendants in the Relators Complaint both a copy
of his complaint and all other papers. 
We denied the request in an opinion dated February 2, 2011, because
Allen did not provide us with authority holding that the trial judge had a
ministerial duty to do that which he demanded. 


            Through
the application now before us, he seeks to present . . . authorities which
renders [sic] jurisdiction to act and provide the Relator
with the relief he seeks.  So too are we
asked to compel . . . the Honorable Judge Ron Enns
to perform his ministerial duties in the reviewing and processing of his
complaint.  That is, he wants us to order
the trial court to hear and rule upon [his] complaint.   We, again, deny the petition.

As stated in our February 2nd
opinion, Allen failed to cite us to any authority obligating a district court
to perform the purported duties of a district clerk, such as mailing pleadings
to the litigants in a pending action.  In re Allen, No.
07-11-0048-CV, 2011 Tex. App. Lexis
761, at *1-2 (Tex. App.Amarillo,
February 2, 2011).  Nor did we know of
any such authority.  Id.  Appearing in the document before us are
citations to several cases.  Yet, none
purport to hold that a trial court has a ministerial, non-discretionary duty to
act in the stead of the district clerk, serve citation upon litigants, cause
citation to be served upon litigants, or otherwise endeavor to place Allens
documents with the appropriate party. 
And, again, we know of none.

Additionally, nothing before us
tends to illustrate that the claims of Allen are ripe for trial.  Indeed, in responding to the allegations in
the petition for mandamus relief, the trial judge disclosed that no Defendant
has been served with citation or made an appearance in this cause.  Clearly, due process would not permit a legal
action to be tried against defendants without those defendants first being
notified of the suit and the claims asserted against them (i.e. served with citation). 

And, to the extent
that authority allows a trial court to convene a hearing, before the service of citation,
to determine whether a prisoners petition alleges viable claims, Tex. Civ. Prac. Rem. Code §14.003(c)
(Vernon 2002) (stating that when determining whether Subsection (a) applies,
the court may hold a
hearing and the hearing may
be held before or after service of process, and it may be held on motion of the court, a party, or
the clerk of the court), we are cited to no authority mandating that it hold
such a hearing prior to service of process (emphasis added).  Indeed, it would seem that by incorporating
the permissive word may into the statute and specifying that the hearing
may be held before or after service of process, the legislature vested the
trial court with the discretion to hold, or not hold, such a hearing before
process is served.  And, because we can
only use a writ a mandamus to direct a trial court to act when the act
effectively is ministerial and non-discretionary in nature, O'Connor v. First Court of Appeals, 837
S.W.2d 94, 97 (Tex. 1992); In re Chavez,
62 S.W.3d 225, 228 (Tex. App.Amarillo
2001, orig. proceeding), Allen has not shown himself entitled to relief.

Accordingly, the subsequent petition
for writ of mandamus is denied.

 

                                                                                    Per
Curiam