NO. 07-99-0164-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 17, 2002

_____

RALPH FIELDS NORWOOD, III,

Appellant

V.

HUDSON'S GRILL INTERNATIONAL, INC.,

Appellee

_____

FROM THE 101ST DISTRICT COURT OF DALLAS COUNTY;

NO. 98-04455-E; HON. JOHN WHITTINGTON, PRESIDING

_____

Before QUINN and REAVIS, JJ. and BOYD, SJ.[1]

Ralph Fields Norwood, III (Norwood) perfected a restricted appeal from a default judgment entered in favor of Hudson's Grill International, Inc. (Hudson).[2] Through four points of error, he contends that the trial court erred in issuing the judgment because he

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon Supp. 2002).

[2]Other appellants included Victor Miller and Burgers of Diamond Bar. Their debt, however, was discharged in bankruptcy, and we previously dismissed them from the appeal by a separate order. Because nothing of record indicates that Norwood was or is in bankruptcy, the cause (which we previously abated) is reinstated as to him.

was not properly served and, thus, personal jurisdiction over him never attached. We reverse the default judgment.

A restricted appeal must be 1) brought within six months of the day the trial court signed the judgment, 2) by a party to the suit, 3) who did not participate in the hearing that resulted in the judgment, 4) who did not timely file a post-judgment motion, request findings of fact and conclusions of law, or file a notice of appeal within the time allotted by Texas Rule of Appellate Procedure 26.1(a), and 5) who complains of error apparent from the face of the record. TEX. R. APP. P. 30; *Norman Communications. v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997); *Phagan v. Aleman*, 29 S.W.3d 632, 634 (Tex. App.–Houston [1st Dist.] 2000, no pet.). No one disputes the existence of the first four elements. Thus, we need only address the last element, *i.e.,* error appearing on the face of the record.

As previously mentioned, Norwood contends that the trial court never obtained personal jurisdiction over him because Hudson failed to properly serve citation. Because the judgment before us is one of default, the record must reflect strict compliance with the rules governing the issuance of citation, the manner of its service, and the return of service. *Commercial Union Assur. Co. PLC v. Silva*, 988 S.W.2d 798, 800 (Tex. App.–San Antonio 1999, no pet.); *accord Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (stating that the record must show strict compliance with the rules of service). There are no presumptions in favor of the valid issuance, service, and return of citation when the default judgment is directly attacked via a restricted appeal. *Silver*, 884 S.W.2d at 152.

Here, because service was attempted upon Norwood (a non-resident) via the Texas Long Arm Statute, TEX. CIV. PRAC. & REM. CODE ANN. §17.041 *et. seq.* (Vernon 1997 and

2

Vernon Supp. 2002), Hudson had to strictly comply with its provisions. One such provision obligated Hudson to provide the Secretary of State with Norwood's "home" address. *Id.* at 17.045(a) (Vernon 1997); *World Distributors, Inc. v. Knox*, 968 S.W.2d 474, 477-78 (Tex. App.–El Paso 1998, no pet.).[3]  The addresses provided were 1200 Pacific Coast Highway, #426, Huntington Beach, California 92648 and 450 Newport Center Drive, Suite 600, Newport Beach, California 92660-7616. The former was designated as a place where Norwood "has resided" but "may have moved." The latter was designated as "his place of business."[4] Yet, nothing of record illustrates that either locale was the defendant's "home" address. At most, one could deduce that the Huntington Beach address may have been at one time. Nevertheless, in appending to it the phrases "has resided" and "may have moved," Hudson converted its allegation to one averring nothing more than what it believed to be his last known address. And, providing the Secretary of State merely with the non-resident's last known address does not satisfy the mandate of §17.045(a). *Verges v. Lomas Nettleton Financial Corp.*, 642 S.W.2d 820, 822-23 (Tex. App.–Dallas 1982, no writ) (involving the predecessor of §17.045(a) which also required provision of the "address of the home or home office of the non-resident").

Accordingly, the record fails to show strict compliance with the Texas Long Arm Statute and, therefore, shows error on the face of the record. Consequently, service was

---

[3]The statute actually says that the Secretary of State shall be provided with "the name and address of the nonresident's home or home office . . . ." TEX. CIV. PRAC. & REM. CODE ANN. §17.045(a) (Vernon 1997). However, because Norwood was an individual, Hudson was obligated to provide Norwood's home address. *Chaves v. Todaro*, 770 S.W.2d 944, 946 (Tex. App.–Houston [1st Dist.] 1989, no writ).

[4]The Secretary of State mailed the citation to the Huntington Beach address, which citation was "returned to [it] . . . bearing the notation Forwarding Order Expired." Nothing of record indicates that service was ever attempted at the Newport Beach address.

"invalid and of no effect." *Silva*, 988 S.W.2d at 800. The default judgment is reversed, and the cause remanded for further proceedings.

Brian Quinn<br>Justice

Do not publish.