

# NUMBER 13-20-00268-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF J.M.G., J.G. III, AND J.X.G., CHILDREN

### On appeal from the 319th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Silva**
**Memorandum Opinion by Chief Justice Contreras**

Appellant, the Office of the Attorney General (OAG), brings this restricted appeal challenging an order modifying the parent-child relationship that eliminated appellee J.G. Jr.'s (J.G.) obligation to pay child and medical support arrears to appellee J.M.O. on behalf of their minor children. By five issues, OAG argues that: (1) the OAG satisfied the jurisdictional requirements to bring a restricted appeal; and (2–5) error is apparent on the face of the record because, among other things, the order was entered over OAG's

objections and without a hearing. We dismiss for want of jurisdiction. *See* Tᴇx. R. Aᴘᴘ. P. 42.3(a), 43.2(f).

## I.     Bᴀᴄᴋɢʀᴏᴜɴᴅ

In 2007, the trial court appointed J.M.O. and J.G. joint managing conservators of their children, awarded J.M.O. the right to designate the children's primary residence, and ordered J.G. to pay $245.00 per month in child support and $91.00 per month in cash medical support to J.M.O. In July 2011, the OAG filed a motion for enforcement of child and medical support, alleging that J.G. owed $9,768.51 in child support arrears and $4,247.66 in medical support arrears. The trial court granted the motion in favor of OAG in November 2011.

In 2014, J.G. moved for an order modifying the parent-child relationship to award him the exclusive right to designate the children's primary residence. The trial court ordered all relief requested in favor of J.G. and further ordered that neither J.G. nor J.M.O. was obligated to continue paying child support. In 2016, J.G. again petitioned the court for an order modifying the parent-child relationship. In 2017, J.G. and J.M.O. attended mediation which resulted in a mediated settlement agreement providing, among other things, that any child support arrears owed by J.G. to J.M.O. would be waived.

In March 2018, the OAG filed a petition in intervention in the case, asserting that it is a necessary party to the action because J.G.'s action seeks to "establish, modify, or enforce a support right assigned to the [OAG] pursuant to Texas Family Code Chapter 231." *See* Tᴇx. Fᴀᴍ. Cᴏᴅᴇ Aɴɴ. §§ 231.001–.309. In its filing, OAG sought a modification of the 2014 order and a judgment verifying J.G.'s child support arrears as $2,196.57 and medical support arrears as $3,718.17.

2

In June 2018, J.M.O. and J.G. submitted, and the trial court signed, a temporary order consistent with their 2017 mediated settlement agreement. On December 27, 2019, J.G. and J.M.O. filed a proposed final order, which included as one of its terms the waiver of J.G.'s child support arrears. Three days later, the OAG filed its objection to the proposed order, asserting that the "proposed order *does not* contain a signature from a representative of the [OAG] . . . and the OAG is a necessary party with active pleadings on file." The OAG further contended that "the proposed order was not previously submitted to the OAG for review before filing with the Court," and that "the OAG is not in agreement with the Order in its current form." The OAG requested "that the Court grant the objection of the OAG and require the OAG['s] approval and signature of any Order submitted to this Court."

On January 8, 2020, the trial court adopted J.G. and J.M.O.'s December 27, 2019 proposed order and signed a final judgment in the case. Five months later, on June 11, 2020, the OAG filed its notice of restricted appeal from the trial court's January 8 order.[1]

## II.   RESTRICTED APPEAL

Subject to limited exceptions, a party seeking to appeal a trial court's judgment must file a notice of appeal within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. One such exception is a restricted appeal. *See id.* R. 26.1(c), 30. To establish its entitlement to a restricted appeal, an appellant must prove that: (1) it filed its notice of restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying suit; (3) it did not participate in the hearing that resulted in the

---

[1] J.G. has filed an appellee's brief. Pro se appellee J.M.O. was given an opportunity to file a brief but did not do so.

3

complained-of judgment and did not file any post-judgment motions or request findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See id.* R. 30; *Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020). The first three requirements are jurisdictional. *Ex parte E.H.*, 602 S.W.3d at 495. Failure to satisfy any of the three requirements precludes an appellate court's ability to entertain the appeal. *Id.* at 497.

It is undisputed that OAG filed a notice of the restricted appeal within six months after the judgment was signed and, as the state's Title IV-D agency,[2] was a party to the underlying lawsuit. Accordingly, we proceed to consider the non-participation requirement—OAG's first issue on appeal.

### III. NON-PARTICIPATION

By its first issue, OAG contends that it met the non-participation requirement to bring a restricted appeal. Specifically, it argues that its filing of an objection to J.G. and J.M.O.'s proposed final order did not constitute "participation" because the trial court acted outside "its authority to enter a final order in a [suit affecting the parent-child relationship] without holding a hearing, receiving evidence, or making a record." J.G. contends that OAG's December 30, 2019 filing objecting to J.G. and J.M.O.'s proposed final order amounted to participation for purposes of a restricted appeal, and, as such, notwithstanding any "purported errors in the January 8 Order," OAG should have brought a timely appeal or timely filed a motion to modify or correct the judgment.

### A. Applicable Law

A restricted appeal is limited to a "party who did not participate—either in person

---

[2] "The OAG is the designated [Title] IV-D agency in Texas and has the power to enforce child support orders and collect and distribute support payments." *Office of Att'y Gen. v. Scholer*, 403 S.W.3d 859, 862 (Tex. 2013) (citing TEX. FAM. CODE ANN. §§ 231.001, .101(a)(5)–(6)).

4

or through counsel—in the hearing that resulted in the judgment complained of . . . ." TEX. R. APP. P. 30. The "policy behind the non[-]participation requirement is to deny appeal by writ of error[3] to those who should reasonably resort to the quicker method of appeal." *Texaco, Inc. v. Cent. Power & Light Co.*, 925 S.W.2d 586, 590 (Tex. 1996) (citing *Lawyers Lloyds v. Webb*, 152 S.W.2d 1096, 1098 (Tex. 1941)); *see* TEX. R. APP. P. 26.1. "Those who participate in the trial leading up to the rendition of judgment are familiar with the record, and are therefore in position to prepare for appeal on short notice; whereas, those who do not so participate . . . and are therefore unfamiliar with the record, may need additional time . . . to [so] familiarize themselves" and prepare for appeal. *Texaco*, 925 S.W.2d at 590; *see also Cox v. Cox*, 298 S.W.3d 726, 731 (Tex. App.—Austin 2009, no pet.).

What exactly "participat[ion] . . . in the hearing" consists of under Rule 30 requires a case-by-case, fact-specific determination. *See* TEX. R. APP. P. 30. The Texas Supreme Court has ruled that the primary inquiry is "whether the appellant has participated in 'the decision-making event' that results in judgment adjudicating the appellant's rights." *Texaco*, 925 S.W.2d at 589–90. "[B]ecause trial courts decide cases in a wide variety of procedural settings," "[t]he nature and extent of participation that precludes appeal by [restricted appeals] in any particular case is a matter of degree." *Id.* at 589 (citing *Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex. 1985), *abrogated on other grounds by Ex parte E.H.*, 602 S.W.3d at 486). Accordingly, the focus of our analysis is on whether the record

---

[3] The issue in *Texaco* arose in the context of a writ of error. *See Texaco, Inc. v. Cent. Power & Light Co.*, 925 S.W.2d 586, 590 (Tex. 1996). Writ of error practice in Texas was replaced by that of restricted appeals in 1997. *See* TEX. R. APP. P. 30 ("Restricted appeals replace writ of error appeals to the court of appeals. Statutes pertaining to writ of error appeals to the court of appeals apply equally to restricted appeals.").

reflects that OAG participated in the relevant "decision-making event." *Id.* at 589–90. We conclude that it does.

## B.     Analysis

The decision-making event in this case was the trial court's January 8, 2020 order modifying the parent-child relationship. As detailed above, the record reflects that the January 8 order was based on J.G. and J.M.O.'s proposed final order filed on December 27, 2019. OAG filed its objection to the proposed order on December 30, 2019, in which it argued that the "proposed order *does not* contain a signature from a representative of the [OAG]," "OAG is a necessary party with active pleadings on file," "the proposed order was not previously submitted to the OAG for review before filing with the Court," and "the OAG is not in agreement with the Order in its current form." The OAG requested "that the Court grant the [OAG's] objection." On January 8, 2020, with both parties' filings before it, the trial court adopted J.G. and J.M.O.'s December 27 proposed order and rendered final judgment in the case.

In arguing that its written objection does not constitute participation, OAG cites *Phagan v. Aleman*, 29 S.W.3d 632 (Tex. App.—Houston [1st Dist.] 2000, no pet.) and *Attorney General of Texas v. Orr*, 989 S.W.2d 464 (Tex. App.—Austin 1999, no pet.) for the proposition that "'non-participation' is satisfied when the trial court does not convene proceedings required by law." We find *Phagan* and *Orr* distinguishable and, in fact, detrimental to OAG's argument in this case.

The courts in *Phagan* and *Orr* both encountered issues regarding child support orders. *See Phagan*, 29 S.W.3d at 633; *Orr*, 989 S.W.2d at 466. In both of those cases, however, the trial courts referred the matters to associate judges, as authorized by the

Texas Family Code. *See generally* TEX. FAM. CODE ANN. §§ 201.001–.209; *Phagan*, 29 S.W.3d at 633; *Orr*, 989 S.W.2d at 466. The associate judges held evidentiary hearings on the parties' motions and issued reports and recommendations for the referring courts' review. *Phagan*, 29 S.W.3d at 633; *Orr*, 989 S.W.2d at 467. Under Texas Family Code §§ 201.015 (de novo hearing before referring court) and 201.1042 (de novo hearing before referring court in Title IV-D cases), a party may appeal the associate judge's report to the referring court.[4] *See* TEX. FAM. CODE ANN. §§ 201.015, .1042. A party who files a timely appeal is entitled to a de novo hearing before the referring court. *See id.* § 201.015(f) ("The referring court, after notice to the parties, shall hold a de novo hearing"); § 201.1042(a).

The courts in *Phagan* and *Orr* held that parties who participate in a hearing before an associate judge, but not before the referring court after a request for de novo hearing, have not participated for purposes of a restricted appeal because the relevant "decision-making event" is the second, de novo hearing. *Phagan*, 29 S.W.3d at 634–35; *Orr*, 989 S.W.2d at 468. In other words, the appealing parties took no part in the relevant decision-making events because they (1) were entitled to a "new and independent action" before the referring court, *Orr*, 898 S.W.2d at 467, and (2) presented no arguments and filed no pleadings before the referring court on that action.

Further, the courts in both *Phagan* and *Orr* noted that "if, notwithstanding the timely filing of a notice of appeal, the referring court renders judgment without holding a de novo

---

[4] "Judicial review by trial de novo is not a traditional appeal, but a new and independent action characterized by all the attributes of an original civil action." *Attorney General of Texas v. Orr*, 989 S.W.2d 464, 467 (Tex. App.—Austin 1999, no pet.) (citing *Key W. Life Ins. Co. v. State Bd. of Ins.*, 350 S.W.2d 839, 846 (Tex. 1961)).

hearing, the 'hearing' that leads to the judgment [for purposes of a restricted appeal] occurs when the referring court considers the matter." *Orr*, 989 S.W.2d at 468; *see also Phagan*, 29 S.W.3d at 634–35. That is because, unless expressly required by the language of a rule, "the word 'hearing' does not necessarily contemplate either a personal appearance before the court or an oral presentation to the court." *Orr*, 989 S.W.2d at 468 n.3 (citing *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (1998); *Gulf Coast Inv. Corp. v. Nasa 1 Bus. Ctr.*, 754 S.W.2d 152, 153 (Tex. 1988) (per curiam)). Indeed, in myriad procedural settings, Texas courts have found "participation" in the restricted appeal context even in the absence of personal appearances or oral presentations before a court's entry of final judgment. *See, e.g.*, *Lake v. McCoy*, 188 S.W.3d 376, 378 (Tex. App.—Dallas 2006, no pet.) (holding that appellant participated in the decision-making event when he filed a response to a motion for summary judgment, even though he did not attend a hearing); *Starks v. Tex. Dep't of Crim. Just.*, 153 S.W.3d 621, 624 (Tex. App.—Amarillo 2004, no pet.) (concluding that an inmate participated in the decision-making event, dismissal for a frivolous complaint, even without a hearing, when he made at least nine filings prior to trial, including a motion to consolidate complaints and an application to proceed *in forma pauperis*); *see also Orr v. Barrett, Burke, Wilson, Castle, Daffin & Frappier, L.L.P.*, No. 09-03-073-CV, 2004 WL 637898, at *3 (Tex. App.—Beaumont Apr. 1, 2004, no pet.) (mem. op.) (concluding that appellants participated in the decision-making event, even without a hearing, when they filed their motion to retain their cause on the court's docket, since the trial court dismissed the suit by ruling on that motion); *Bonton v. Wittmer*, No. 14-03-00932-CV, 2004 WL 906492, at *1 (Tex. App.—Houston [14th Dist.] Apr. 29, 2004, pet. denied) (mem. op.) (concluding

8

that appellant's motion in response to a motion to dismiss constituted participation for purposes of restricted appeal, even without a hearing).

In this case, unlike in *Phagan* and *Orr*, there was no such split hearing process—the trial court retained the case to which OAG was a party for over eight years without referring it to an associate judge. Most relevantly, unlike in *Phagan* and *Orr*, the OAG made a filing in the hearing leading to the final judgment—its objection to J.G. and J.M.O.'s proposed final order. As in *Phagan* and *Orr*, notwithstanding the fact that no personal appearance or oral presentation occurred in this case, the hearing for purposes of a restricted appeal occurred when the trial court considered the parties' filings on the proposed final order.[5] *Phagan*, 29 S.W.3d at 634–35; *Orr*, 989 S.W.2d at 468. Accordingly, OAG's argument that "'non-participation' is satisfied when the trial court does not convene proceedings required by law" is inapposite, as the relevant proceeding occurred here.

In sum, the relevant inquiry in this case is whether OAG participated in the "decision-making event." *See Texaco*, 925 S.W.2d at 589–90. The requisite amount of participation for purposes of a restricted appeal is "a matter of degree." *Id*. at 589. Here, OAG's filing of an objection to J.G. and J.M.O.'s proposed final order, the same proposed

---

[5] We note that Texas Family Code § 105.003 does not expressly call for personal appearances or oral hearings. *See* TEX. FAM. CODE ANN. § 105.003. In suggesting that there is such a requirement, OAG cites *Ex parte E.M.P.*, 572 S.W.3d 361, 364 (Tex. App.—Amarillo 2019, no pet.). However, that case is distinguishable in at least two respects. First, *Ex parte E.M.P.* arose in the context of an expunction order, which, unlike § 105.003, has been interpreted to disallow a ruling on the pleadings. *Id*. (citing *Tex. Dep't of Pub. Safety v. Moran*, 949 S.W.2d 523, 526 (Tex. App.—San Antonio 1997, no writ); *Tex. Dep't of Pub. Safety v. Steele*, 56 S.W.3d 352, 353 (Tex. App.—Beaumont 2001, no pet.)); *see* TEX. FAM. CODE ANN. § 105.003. Second, unlike this case, where the OAG filed both an intervention and an objection to J.G. and J.M.O.'s proposed final order, the pleading in *Ex parte E.M.P.* consisted of only an answer. *Ex parte E.M.P.*, 572 S.W.3d at 364; *see Stubbs v. Stubbs*, 685 S.W.2d 643, 646 (Tex. 1985) ("Filing an answer . . . is not participation [for purposes of a restricted appeal].").

9

order the trial judge adopted in disposing of the case two weeks later, constituted sufficient "participation" for purposes of restricting this Court's jurisdiction to entertain OAG's appeal. We also conclude such a finding is consistent with Rule 30's underlying policy considerations, given OAG's ongoing relationship with this case for a span of over eight years. *See* TEX. R. APP. P. 30; *Texaco*, 925 S.W.2d at 590. Accordingly, we cannot reach the merits of OAG's appeal, as we lack jurisdiction to do so. *See Ex parte E.H.*, 602 S.W.3d at 497.

### III. CONCLUSION

We dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f).

DORI CONTRERAS
Chief Justice

Delivered and filed on the
7th day of October, 2021.

10