

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-13-00168-CV
_____

EX PARTE S.D.

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2013-505,391; Honorable Brad Underwood, Presiding

January 15, 2015

## OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

This appeal involves an order granting a petition for expungement and nondisclosure filed by S.D.  On December 6, 2008, S.D. was arrested and subsequently charged by information with operating a motor vehicle in a public place while intoxicated.[1]  The information was later amended to add a second count alleging that, on the same date, he recklessly drove a vehicle in willful or wanton disregard for the

---

[1] TEX. PENAL CODE ANN. § 49.04 (West Supp. 2014).

safety of persons or property, to-wit: by driving in an unsafe manner.[2]  In July 2009, S.D. entered a plea of guilty to the reckless driving count pursuant to a plea agreement and was placed on twelve months deferred adjudication community supervision.  In July 2010, S.D. was discharged from community supervision and the information was dismissed.

In January 2013, S.D. filed his *Petition for Expungement of Criminal Records or in the Alternative, for Nondisclosure of Criminal Records.*  The *Petition* sought (1) the expungement of records pertaining to the DWI arrest pursuant to Chapter 55 of the Texas Code of Criminal Procedure and (2) the nondisclosure of the public criminal history record information for the offense of reckless driving pursuant to section 411.081(d) of the Texas Government Code.  *See* TEX. CODE CRIM. PROC. ANN. art. 55.01-55.02 (West Supp. 2014).[3]  *See also* TEX. GOV'T CODE ANN. § 411.081(d)-(f) (West Supp. 2014).  In March 2013, a hearing was held and the trial court subsequently issued a written order granting an expunction of the DWI arrest and ordering the nondisclosure of the reckless driving records.  This appeal by Appellant, the State, followed.

DISCUSSION

In a single issue, the State asserts the trial court abused its discretion by granting S.D.'s petition to expunge the DWI offense because expunction was unavailable as a

---

[2] TEX. TRANSP. CODE ANN. § 545.401 (West 2011).

[3] Throughout the remainder of this Memorandum Opinion, we will cite provisions of the Texas Code of Criminal Procedure as "article ___."

matter of law.[4]  The State contends the trial court misconstrued the expunction statutes to permit an "offense-based approach" rather than an "arrest-based approach" thereby permitting the trial court to expunge an individual charge arising from an arrest involving multiple charges—one of which resulted in a guilty plea pursuant to a plea agreement and court-ordered community supervision.  S.D., on the other hand, asserts the trial court correctly applied an "offense-based approach" under the expunction statutes due to an amendment by the Legislature in 2011.  We agree with the State and reverse the trial court's order as to that portion of the order expunging S.D.'s DWI offense and render judgment denying S.D.'s request to expunge the records and files relating to his arrest for that offense.  The remainder of the trial court's order pertaining to the nondisclosure of records related to the reckless driving offense is affirmed.

STANDARD OF REVIEW

We use an abuse of discretion standard in reviewing trial court rulings on petitions for expunction.  *See Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied).  To the extent a ruling on expunction turns on a question of law, however, we review the ruling *de novo* because a trial court has no discretion in determining what the law is or applying the law to the facts.  *Tex. Dep't of Pub. Safety v. Dicken*, 415 S.W.3d 476, 478 (Tex. App.—San Antonio 2013, no pet.).  "A trial court abuses its discretion if it orders an expunction of records despite a petitioner's failure to satisfy all of the statutory requirements."  *In re O.R.T.,* 414 S.W.3d 330, 332 (Tex. App.—El Paso 2013, no pet.).  "Thus, regardless of the focus of the

---

[4] The State does not contest any issues regarding nondisclosure of the reckless driving offense. See TEX. GOV'T CODE ANN. § 411.081(d)-(f) (West Supp. 2014).

parties' briefs, we conclude that if [the petitioner] fails to satisfy any of the requisites of the expunction statute, [he] is not entitled to expunction as a matter of law." *Travis Cnty. Dist. Attorney v. M.M.,* 354 S.W.3d 920, 927 (Tex. App.—Austin 2011, no pet.) (*en banc*).

When construing statutes, we use a *de novo* standard of review, and our primary objective is to ascertain and give effect to the Legislature's intent. TEX. GOV'T CODE ANN. § 312.005 (West 2005). *See F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 683 (Tex. 2007). To discern that intent, we begin with the statute's words. TEX. GOV'T CODE ANN. § 312.002, .003 (West 2013). *See State v. Shumate*, 199 S.W.3d 279, 284 (Tex. 2006). If a statute is unambiguous, we adopt the interpretation supported by its plain language unless such an interpretation would lead to absurd results that the Legislature could not possibly have intended. *Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 177 (Tex. 2004). We also consider statutes as a whole rather than as isolated provisions. *Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004).

EXPUNCTION

The remedy of expunction allows a person who has been arrested for the commission of an offense to have the records and files relating to the arrest expunged if he meets the statutory requirements of article 55.01. *See Tex. Dep't of Pub. Safety v. Nail,* 305 S.W.3d 673, 674 (Tex. App.—Austin 2010, no pet.) (op. on reh'g). A petitioner's right to expunction is neither a constitutional nor common-law right; rather, it is a statutory privilege. *Ex parte S.C.,* 305 S.W.3d 258, 260 (Tex. App.—Houston [14th

Dist.] 2009, no pet.).  All of the statutory provisions are mandatory and exclusive, and the petitioner is entitled to expunction only when all statutory conditions have been met. *Tex. Dep't of Public Safety v. J.H.J.,* 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.).  The trial court has no equitable power to permit expunction where it is not allowed.  *Id.*  Further, although the expunction statute appears in the code of criminal procedure, an expunction proceeding is civil in nature; *Harris County Dist. Attorney v. Lacafta*, 965 S.W.2d 568, 569 (Tex. App.—Houston [14th Dist.] 1997, no pet.), and the petitioner carries the burden of proving compliance with the statutory requirements.  *Heine*, 92 S.W.3d at 646.

ARTICLE 55.01

Article 55.01 was amended in 2011 and the amended article applies here.  *See* Art. 55.01; Act of May 27, 2011, 82nd Leg., R.S., ch. 894, § 3, 2011 Tex. Gen. Laws Serv. 2275, 2277.  In pertinent part, amended article 55.01 states as follows:

> (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to an arrest expunged if:
>
>        \*           \*           \*
>
> (2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the Offense is a Class C misdemeanor, provided that: . . .

*Id.*[5]

---

[5] Although the current version of article 55.01(a) is identical to the former version, the current version of article 55.01(a)(2) differs from the former article.  *See Travis County Dist. Attorney v. M.M.,* 354 S.W.3d 920, 923 (Tex. App.—Austin 2011, no pet.) (*en banc*).  Prior to amendment in 2011, former article 55.01(a)(2) stated as follows:

The primary purpose of the expunction statute is to allow the record of a *wrongful* arrest to be expunged. *See* Art. 55.01(a).[6] "[A]llowing a person to expunge individual charges when there is no suggestion that the arrest that resulted in charges was wrongful would be contrary to [this] primary purpose . . . ." *See M.M.,* 354 S.W.3d at 928. Here, S.D. admitted guilt to an offense arising out of the arrest (reckless driving) and, as such, has conceded that the arrest was not wrongful for purposes of the expunction statute. *See Ex parte M.R.L.,* No. 10-11-00275-CV, 2012 Tex. App. LEXIS 1941, at *8 (Tex. App.—Waco Mar. 7, 2012, pet. denied) (mem. op.) (citing *Ex parte P.D.H.,* 823 S.W.2d 791, 7903 (Tex. App.—Houston [14th Dist.] 1992, no writ)).

The substitution of the word "the" for "any" in article 55.01(a)(2) does not evidence a legislative intent to alter the expunction statute's primary purpose. *See State v. N.R.J.,* No. 02-13-00082-CV, 2014 Tex. App. LEXIS 12788, at *18-19 (Tex. App.—Fort Worth Nov. 26, 2014, no pet.) (mem. op.). Importantly, the Legislature did not alter the statutory scope of an expunction, i.e., "*all records and files relating to the arrest.*" Art. 55.01(a) (emphasis added). An arrest occurs when a person has been actually placed under restraint or taken into custody by an officer, art. 15.22, and a single arrest may include multiple offenses. *See* TEX. PENAL CODE ANN. § 3.01 (West

---

(2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for *any* offense, unless the Offense is a Class C misdemeanor, provided that: . . .

(emphasis added).

[6] There are also important policy considerations. The Texas Supreme Court has stated, "[t]he public has an important interest in arrest records being kept for use in subsequent punishment proceedings, including subsequent applications for probation. These records are valuable to document and deter recidivism." *M.M.*, 354 S.W.3d at 928 n.3 (quoting *Harris County Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991)).

2011) (stating that a criminal episode comprises two or more offenses and may include multiple transactions).

"[C]hapter 55, from top to bottom, appears to maintain an arrest as the unit for expunction and provides relief relating to arrests rather than charges." *S.J. v. State,* 438 S.W.3d 838, 843-44, 844 n.6 (Tex. App.—Fort Worth 2014, no pet.). The expunction statute does not contain any language limiting an arrest to a single offense or, in the case of an arrest involving multiple offenses, each "divisible" offense as S.D. suggests. Thus, "for a petitioner to be entitled to expunction under article 55.01, all charges arising from the arrest must meet that article's requirements." *S.J.,* 438 S.W.3d at 845. *See N.R.J.,* 2014 Tex. App. LEXIS 12788, at *7 (collected cases cited therein). Here, S.D. received community supervision as punishment for the reckless driving offense in return for his guilty plea.

Having considered the prefatory statement in article 55.01(a) that expunctions must apply to all records of an arrest, the remaining provisions in chapter 55 indicating that the remedy of expunction is arrest-based and its primary purpose of permitting expunctions of wrongful arrests, we hold that expunction is unavailable to S.D. for the driving while intoxicated offense under article 55.01(a)(2) because he received community supervision for the reckless driving offense. *See S.J.,* 438 S.W. at 846. *See also N.R.J.,* 2014 Tex. App. LEXIS 12788, at *7; *Tex. Dep't of Pub. Safety v. Crawford,* No. 12-12-00072-CV, 2013 Tex. App. LEXIS 1940, at *3 (Tex. App.—Tyler Feb. 28, 2013, no pet.) (mem. op.) ("A person is not entitled to an expunction if she was placed on 'court ordered community supervision' . . . which includes deferred adjudication community supervision."). The State's single issue is sustained.

## CONCLUSION

The trial court's judgment is reversed as to that portion of the order expunging S.D.'s DWI offense. Furthermore, we render judgment denying S.D.'s request to expunge the records pertaining to his arrest for that offense, while affirming the remainder of the trial court's order pertaining to the nondisclosure of the public criminal history record information regarding the offense of reckless driving.


Patrick A. Pirtle
Justice