

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-16-00055-CV
_____

### EX PARTE EMILY KAY SMIRL

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 69,024-B; Honorable David Gleason, Presiding by Assignment

January 12, 2017

## OPINION

### Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, the State of Texas, brings this appeal challenging the trial court's order granting the *Petition for Expunction of Records* filed by Appellee, Emily Kay Smirl. By a single issue, the State maintains the trial court abused its discretion when it granted her petition. We affirm.

BACKGROUND

The underlying facts of this case are undisputed. On January 1, 2012, Smirl was arrested for and subsequently charged with the offense of driving while intoxicated, a Class B misdemeanor.[1] Following the denial of her motion to suppress and pursuant to a plea bargain, Smirl entered a plea of guilty and was sentenced to three days in county jail and assessed a fine of $1,000. That conviction was reversed by this court because we found the arresting officer lacked reasonable suspicion to initially detain her. *See Smirl v. State*, No. 07-13-00084-CR, 2014 Tex. App. LEXIS 11316, at *9 (Tex. App.—Amarillo Oct. 13, 2014, pet. ref'd) (mem. op., not designated for publication). On remand, rather than proceed to trial based upon any other evidence available, the State moved to dismiss the case, "in the interest of justice." Smirl then moved for expunction of her arrest records.

At a hearing on her motion to expunge, Smirl contended her arrest records should be expunged because the charges against her were dismissed, not because it was generically "in the interest of justice" but, instead, because "there was no probable cause at the time of the dismissal to believe Ms. Smirl had committed the offense." In other words, based on the stipulated record before the trial court, Smirl reasoned that she was entitled to the expunction of her arrest record because, *at the time of dismissal*, there was no evidence, as a matter of law, upon which a grand jury or charging authority could have found there to be probable cause for the commission of the offense of driving while intoxicated. In response, the State contended that her prior plea of guilty was, *ipso facto,* proof of probable cause. Choosing to rely on this statement

---

[1] TEX. PENAL CODE ANN. § 49.04(b) (West Supp. 2016).

alone, the State offered no other evidence tending to establish the existence of probable cause at the time of dismissal. The trial court granted Smirl's motion for expunction of her arrest records and the State appealed.

APPLICABLE LAW

Smirl sought expunction under article 55.01(a)(2)(A)(ii) of the Texas Code of Criminal Procedure (West Supp. 2016). As relevant to the facts of this case, the statute provides as follows:

> (a) A person who has been placed under arrest . . . for commission of . . . [a] misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> . . .
>
> > (2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense . . . provided that:
>
> . . .
>
> > > (A) . . . an indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest . . .
>
> . . .
>
> > > > (ii) . . . was dismissed or quashed, and the court finds that the indictment or information was dismissed or quashed . . . *because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal* to believe the person committed the offense . . . .

(Emphasis added).

All of the statutory provisions under article 55.01(a) of the Texas Code of Criminal Procedure are mandatory and exclusive, and the petitioner is entitled to expunction only when all statutory provisions are met. *Ex parte S.D.*, 457 S.W.3d 168, 171 (Tex. App.—Amarillo 2015, no pet.) (citing *Tex. Dep't of Public Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.)). Conversely, the trial court has no discretion but to grant an expunction under article 55.01(a) when a petitioner has satisfied all the statutory conditions. *In re J.O.*, 353 S.W.3d 291, 293 (Tex. App.—El Paso 2011, no pet.).

STANDARD OF REVIEW

We review a trial court's ruling on a petition for expunction for abuse of discretion. *Ex parte S.D.*, 457 S.W.3d at 170. A trial court abuses its discretion if it acts without reference to any guiding rules and principles or if its actions are arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). To the extent the trial court's ruling turns on a question of law, we review the ruling *de novo. Ex parte S.D.*, 457 S.W.3d at 170.

ANALYSIS

During the brief hearing on Smirl's petition for expunction, relying on *In re Expunction of Wilson*, 932 S.W.2d 263 (Tex. App.—El Paso 1996, no writ), the State argued, as it does on appeal, that there was probable cause to believe Smirl committed the offense of driving while intoxicated because she previously pleaded guilty and a procedural error resulting in the suppression of the State's only evidence of intoxication did not negate that plea. *In re Expunction of Wilson* is, however, distinguishable from the case at hand because there the State was not relying upon the appellant's prior plea

4

of guilty as its sole basis for arguing there was probable cause supporting the charges in question. *Id.* at 267. In *Wilson*, relying on its prior opinion in *Ex parte Kilberg*, 802 S.W.2d 17, 18 (Tex. App.—El Paso 1990, no writ),[2] the El Paso Court of Appeals held that its earlier decision finding appellant's oral confession did not qualify for admission pursuant to article 38.22 of the Texas Code of Criminal Procedure was not a "showing that the factual underpinnings to the presentment and indictment of the offense were incorrect." *Wilson*, 932 S.W.2d 267. Because other evidence tending to establish probable cause was not excluded, Wilson was not entitled to the expungement of his arrest record merely because his confession had been excluded. Here, by way of contrast, the State is not relying on other non-excluded evidence to establish probable cause—it is relying exclusively on the fact that Smirl previously entered a plea of guilty.

When originally enacted, the Legislature intended article 55.01 of the Texas Code of Criminal Procedure to be used "to permit the expunction of records of wrongful arrests" where the accused was subsequently acquitted or pardoned on some basis indicating actual innocence. *Harris Cnty. Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991). Since then, article 55.01 has been amended fourteen times.

---

[2] We find *Ex parte Kilberg*, and the cases relying upon its overly-broad statement that probable cause "is not vitiated by a subsequent dismissal based on the suppression of evidence," to be of limited precedential value where, as here, the dismissal of prosecution was based on a reason indicating the absence of probable cause. A careful analysis of the opinion in *Ex parte Kilberg* shows the court did not say that suppressed evidence could be considered by a trial court when evaluating whether "probable cause" existed for purposes of determining whether to grant an article 55.01 motion for expunction. To the contrary, the court held that under the facts of that case "the trial court could have concluded that *though there was probable cause to conduct a search*, the search was illegal because it was conducted without a warrant." *Ex parte Kilberg*, 802 S.W.2d at 19. In other words, the court was saying that, for purposes of article 55.01, probable cause was not vitiated where the exclusion of evidence was based on reasons other than the absence of probable cause. Furthermore, *State v. Sink*, 685 S.W.2d 403, 405 (Tex. App.—Dallas 1985, no writ), the only case relied upon by the court in *Ex parte Kilberg*, supports this interpretation. In *Sink*, the Dallas Court of Appeals held that the dismissal of an indecency with a child case, based on a ruling that the three-year-old complainant was incompetent to testify, was not a dismissal on the basis of a reason indicating the "absence of probable cause" because other evidence could have supported the prosecution.

5

Some of those amendments were enacted "to lower the barrier to expunctions for cases that have been dismissed." *State v. N.R.J.*, 453 S.W.3d 76, 84 (Tex. App.—Fort Worth 2014, pet. denied) (citing Senate Research Center, Bill Analysis, Tex. S.B. 462, 82nd Leg. R.S. (Apr. 8, 2011)). For example, if otherwise eligible, an expunction is now available to an accused if the charges have been "dismissed or quashed, and the court finds that [it] was dismissed or quashed because the person completed a pretrial intervention program authorized under Section 76.011" of the Texas Government Code. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)(ii). Furthermore, as applicable to the facts of this case, an expunction is now available to an accused if the indictment or information has been dismissed or quashed and the trial court finds that it was dismissed or quashed "because of mistake, false information, or other similar reason indicating absence of probable cause *at the time of the dismissal* to believe the person committed the offense . . . ." *Id.*

Here, the State concedes that Smirl meets every statutory requirement for expunction except for the requirement that the presentment of charges was made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal. For the reasons that follow, we disagree.

First, the trial court made the following *Conclusions of Law* as relevant to the disputed statutory requirement:

> 1. Probable cause did not exist to arrest Petitioner at the time of her arrest.
>
> . . .

6

3. Said information was dismissed, and at the time of dismissal probable cause did not exist to believe Petitioner had committed the underlying offense, irrespective of any stated or proposed reason as to the request for dismissal by the State's agents.

4. The absence of probable cause was not due to procedural error, but was instead due to substantive error.

Secondly, at the hearing on Smirl's motion to suppress, the arresting officer testified that Smirl did not commit any traffic violations. According to his testimony, he stopped her because he believed she was "up to no good," her vehicle was "braking a lot," and she was not slowing down at drainage dips. On appeal, we held the trial court erred in denying her motion to suppress because the officer lacked reasonable suspicion to initiate the stop. *Smirl*, 2014 Tex. App. LEXIS 11316, at *9. As a result of that ruling, all evidence obtained by the State subsequent to Smirl's unlawful detention was inadmissible. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23.

Accordingly, because there was no other evidence indicating that the offense of driving while intoxicated had occurred, the information returned in the underlying offense was based on a mistake of fact or false information, to-wit: the State's representation that it had evidence to support the charges presented. There being no competent evidence of a crime being committed, the record clearly reflects that, at the time of dismissal, there was a total absence of probable cause to believe Smirl committed the offense of driving while intoxicated. But for the State's pre-emptive dismissal "in the interest of justice," it is without question that any prosecution would have resulted in a judgment of acquittal.

Relying on *Ex parte Kilberg*, 802 S.W.2d at 19, the State contends that, notwithstanding the absence of any evidence of guilt, probable cause existed because

7

Smirl admitted through her guilty plea that she committed the offense of driving while intoxicated. As stated before, we disagree.

In *N.R.J.*, 453 S.W.3d at 85, the court held that an admission of guilt to an offense in the course of a plea to *another offense* arising out of the same arrest and a request that the trial court consider that admission in determining sentence for the other offense bars an expunction for the admitted to, unadjudicated offense. That is not the situation in the underlying case. This court's reversal of Smirl's conviction had the effect of vacating her prior guilty plea and returning the case to the posture it had before trial. *Cf.* TEX. R. APP. P. 22.9(b) (restoring a case to its position before the former trial when granting a new trial). Thus, because Smirl's original guilty plea was a nullity and no effective plea was ever entered, the very basis of the State's argument fails.

Given the fact that the legislative intent behind the 2011 amendments to article 55.01 of the Texas Code of Criminal Procedure was to make expunctions available in cases involving a wrongful arrest, we conclude Smirl established all the mandatory requirements of article 55.01(a)(2)(A)(ii). As such, the trial court did not abuse its discretion in ordering expunction of her criminal record. The State's sole issue is overruled.

CONCLUSION

The trial court's order granting Emily Kay Smirl's *Petition for Expunction of Records* is affirmed.

Patrick A. Pirtle
Justice

8