

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00439-CV

EX PARTE E.M.P.

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2017-524,604, Honorable Jim Bob Darnell, Presiding

March 21, 2019

OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, the Texas Department of Public Safety (DPS), filed this restricted appeal seeking reversal of the trial court's order granting appellee, E.M.P., an expunction of all records relating to his July 1, 2011 arrest. DPS contends that the evidence is legally insufficient to support E.M.P.'s entitlement to an expunction. E.M.P. contends that DPS is not entitled to a restricted appeal because it participated in the decision-making events that led to the trial court's order. We reverse and render.

## Factual and Procedural Background

On March 8, 2017, E.M.P. filed a petition for expunction of records relating to a 2011 arrest for aggravated robbery. He asserted that he has been released and this arrest has not resulted in a final conviction and is no longer pending, and that there was no court-ordered community supervision imposed. On May 18, the trial court entered an order setting a hearing on E.M.P.'s petition for June 23, 2017. The clerk's record establishes that the Lubbock County District Clerk advised DPS of E.M.P.'s petition and the order setting the hearing by email. The clerk's record also includes an email from DPS confirming receipt of the petition and setting.

In its original answer and general denial filed on April 26, 2017, DPS explained that E.M.P. was arrested for the felony offense of aggravated robbery but that this charge was later changed to two counts of the Class A misdemeanor offense of Deadly Conduct. DPS indicates that E.M.P. pled guilty to one count for which he was sentenced to deferred adjudication community supervision for a period of eighteen months. Copies of the complaint, information, and order of deferred adjudication were attached to DPS's answer.

The trial court granted E.M.P.'s petition and entered its order of expunction on June 25, 2017. In it, the trial court stated that it "considered the Petition for Expunction of [E.M.P.]" on June 23. The court noted that E.M.P. appeared through counsel but that no

other party or agency appeared. It appears that the June 23 hearing was not an evidentiary one.[1]

Less than six months after entry of the trial court's order, DPS filed its notice of restricted appeal on November 27, 2017. DPS requested that the court reporter prepare a reporter's record relating to any trial or hearing held in this matter on June 23, 2017. No reporter's record has been filed in this appeal.

Restricted Appeal

To be entitled to a restricted appeal, DPS must prove: (1) it filed its restricted notice of appeal within six months after the judgment was signed; (2) it was a party to the suit; (3) it did not participate in the hearing that resulted in the complained-of judgment and did not file any post-judgment motions or request findings of fact and conclusions of law; and (4) error is apparent on the face of the record. TEX. R. APP. P. 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Clopton v. Pak*, 66 S.W.3d 513, 515 (Tex. App.—Fort Worth 2001, pet. denied). These requirements are jurisdictional and must be met for a party to obtain relief by way of a restricted appeal. *Clopton*, 66 S.W.3d at 515. Our review of a restricted appeal is limited to the face of the record and we may not consider extrinsic evidence. *Alexander*, 134 S.W.3d at 848. "The 'face of the record' consists of all the papers that were before the trial court at the time it rendered judgment." *Ex parte Gomez*, No. 07-14-00206-CV, 2016 Tex. App. LEXIS 3263, at *3 (Tex. App.—Amarillo Mar. 30, 2016, no pet.) (mem. op.) (citing *Champion v. Estlow*, 456 S.W.3d 363, 364 (Tex. App.—Austin 2015, pet. denied). We apply the same scope of review in a

---

[1] In his brief, E.M.P. makes multiple references to the trial court granting the expunction "based on the pleadings."

restricted appeal as in an ordinary appeal; however, the standard of review differs in that, in a restricted appeal, the reviewing court may not draw inferences or presumptions from the record but, rather must look solely to the face of the record itself. *Champion*, 456 S.W.3d at 364. Consequently, "a restricted appeal requires error that is *apparent*, not error that may be *inferred*." *Gold v. Gold*, 145 S.W.3d 212, 213 (Tex. 2004) (per curiam) (emphasis in original).

We must first address E.M.P.'s contention that DPS did not prove its entitlement to proceed by restricted appeal. Specifically, E.M.P. contends that DPS did not prove its non-participation in the hearing that resulted in the expunction order. He does not challenge the other elements for a restricted appeal. E.M.P. acknowledges that DPS filed an answer. In fact, E.M.P. argues that, by filing an answer in a case in which the trial court decided the matter based on the pleadings, DPS participated in the decision-making event that resulted in the complained-of order.

We are to liberally construe the non-participation element in favor of the right to appeal. *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam). The non-participation element depends on whether the appellant participated in "the decision-making event" which resulted in the judgment being appealed. *Texaco, Inc. v. Cent. Power & Light Co.*, 925 S.W.2d 586, 589-90 (Tex. 1996). If, as here, DPS merely files an answer but does not participate in person or through counsel at the hearing resulting in the expunction order, we cannot conclude that DPS participated such that it would not be entitled to restricted review. *Ex parte Gomez*, 2016 Tex. App. LEXIS 3263, at *4 (citing *Tex. Dep't of Pub. Safety v. Foster*, 398 S.W.3d 887, 890 (Tex. App.—Dallas 2013, no

4

pet.); *Phillips Petro. Co. v. Bivins*, 423 S.W.2d 340, 343 (Tex. Civ. App.—Amarillo 1967, writ ref'd n.r.e.).

In the present case, the trial court did not hold an evidentiary hearing resulting in the expunction order. Rather, the trial court decided the expunction based on the pleadings. Once DPS filed its answer, all facts in E.M.P.'s petition were put at issue and E.M.P. bore the burden of proving his entitlement to expunction through properly admitted evidence. *Tex. Dep't of Pub. Safety v. Moran*, 949 S.W.2d 523, 526 (Tex. App.—San Antonio 1997, no writ); *see Tex. Dep't of Pub. Safety v. Steele*, 56 S.W.3d 352, 353 (Tex. App.—Beaumont 2001, no pet.) (citing *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979), for proposition that an expunction cannot be granted on the pleadings). Thus, after DPS filed its answer, the trial court could not decide E.M.P.'s entitlement to expunction based on the pleadings and, consequently, DPS did not participate in the decision-making event which properly led to the trial court's expunction order. As a result, we conclude that DPS is entitled to pursue this restricted appeal.

Expunction

The right to having all records and files related to an arrest expunged is governed by article 55.01(a) of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 55.01 (West 2018). Under this provision, expunction is appropriate if "the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision . . . unless the offense is a Class C misdemeanor . . . ." *Id*. art. 55.01(a)(2). An applicant is entitled to have all

records and files relating to an arrest expunged if the applicant meets the statutory requirements of article 55.01. *Ex parte Gomez*, 2016 Tex. App. LEXIS 3263, at *6.

DPS contends that E.M.P. did not present legally sufficient evidence that he was entitled to have his arrest records expunged and, consequently, the trial court erred in granting E.M.P. an expunction. DPS also contends that the trial court could not have properly granted E.M.P.'s expunction without first holding an evidentiary hearing. Finally, DPS points to exhibits that it attached to its answer that demonstrate that E.M.P.'s arrest resulted in a term of community supervision for an offense of a higher degree than a Class C misdemeanor and, therefore, the record affirmatively reflects that E.M.P. was not entitled to an expunction.

We review a trial court's order granting an expunction for an abuse of discretion. *Ex parte S.D.*, 457 S.W.3d 168, 170 (Tex. App.—Amarillo 2015, no pet.). However, when a ruling on an expunction turns on a question of law, we review the ruling de novo because a trial court has no discretion in determining what the law is or applying the law to the facts. *Id.* "A trial court abuses its discretion if it orders an expunction of records despite a petitioner's failure to satisfy all of the statutory requirements." *Id.* (quoting *In re O.R.T.*, 414 S.W.3d 330, 332 (Tex. App.—El Paso 2013, no pet.)).

Having concluded that DPS is entitled to pursue its restricted appeal, we are left with the issue of whether error is apparent on the face of this record. As noted above, DPS attached exhibits to its answer that demonstrate unequivocally that E.M.P.'s arrest resulted in a term of community supervision for the Class A misdemeanor offense of

deadly conduct.[2]  *Ex parte Gomez*, 2016 Tex. App. LEXIS 3263, at *6-7 ("The papers before the trial court provided by DPS as exhibits to its answer demonstrate unequivocally that Gomez's arrest resulted in a term of court-ordered community supervision for an offense of a higher degree than a Class C misdemeanor.").  E.M.P. did not present evidence sufficient to establish his entitlement to expunction.  *Id.* at *7.  Additionally, the trial court erred because "[j]udgment cannot be entered on the pleadings, but the plaintiff must produce evidence proving his case."  *Steele*, 56 S.W.3d at 353 (citing *Stoner*, 578 S.W.2d at 682); *see Moran*, 949 S.W.2d at 526.  Because E.M.P. did not produce legally sufficient evidence to support his entitlement to expunction and the trial court granted the expunction on the pleadings, we conclude that the trial court erred in granting E.M.P.'s petition to have his record expunged.

## Conclusion

The trial court's order of expunction is reversed and E.M.P.'s petition for expunction is denied.  *See* TEX. R. APP. P. 43.2(c); *Ex parte Gomez*, 2016 Tex. App. LEXIS 3263, at *7.  Further, the Court orders that all documents, if any, that were turned over to the trial court or E.M.P. be returned to the submitting agency.

Judy C. Parker
Justice

---

[2] *See* TEX. PENAL CODE ANN. § 22.05(a), (e) (West 2011).

7