

**NUMBER 13-19-00428-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

**EX PARTE J.E.**

**On appeal from the 404th District Court
of Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Justices Benavides, Perkes, and Tijerina
Memorandum Opinion by Justice Benavides**

By two issues, appellant, the Texas Department of Public Safety (the Department), appeals an order expunging all files and records relating to appellee J.E.'s arrest. The Department argues that: (1) J.E. is not entitled to expunction because he pleaded guilty to offenses arising out of the arrest; and (2) the trial court's order of expunction is not supported by legally sufficient evidence. We reverse and render.

## I. BACKGROUND

J.E. was arrested for seven counts of unauthorized employment of a private

investigator or security agency, a class A misdemeanor. *See* TEX. OCCUP. CODE ANN. § 1702.386. All charges arose out of the same arrest. On February 13, 2018, he pleaded guilty to six counts of violation of a restriction while operating a commercial motor vehicle, a class C misdemeanor, and one count of trespassing on school grounds, also a class C misdemeanor. *See* TEX. TRANSP. CODE ANN. § 522.043; TEX. EDUC. CODE ANN. § 37.107. In exchange for his guilty pleas on the class C misdemeanor cases, the seven class A misdemeanor cases were dismissed on February 14, 2018.[1]  *See* TEX. OCCUP. CODE ANN. § 1702.386.

On March 9, 2018, J.E. filed his motion to expunge the unauthorized employment cases that were dismissed stating that:

> 3.      Petitioner is entitled to an expunction of all records of all records [sic] and files relating to said alleged offenses of, J.E., under Article 55.01(a)(2) of the Texas Code of Criminal Procedure, because the offenses were dismissed; Petitioner has been released; the charges have not resulted in a final conviction; are no longer pending; and there was no court ordered community supervision.

The Department filed its original answer and general denial, stating that J.E. was not entitled to an expunction because he "was convicted as a result of this arrest" and does not qualify for an expunction. On August 29, 2018, the trial court held a hearing and granted J.E.'s motion for expunction. The Department was absent from the proceedings. The State was present and stated that although normally a plea of guilty on one case in exchange for other cases being dismissed would bar expunction, here, the class C offenses are not lesser-included offenses of the class A offenses, and the State had no

---

[1]   The dismissal forms for each class A misdemeanor stated J.E. "was convicted in another case/Cause No." and then listed the difference class C cause numbers.

objection. The trial court granted the expunction, but never reduced its order to writing. A different judge held a subsequent hearing on January 23, 2019. The Department did not appear at this hearing either. During the second hearing, the trial court stated it was its understanding that the expunction order was previously granted but was never signed. The trial court placed J.E. under oath, who stated that the class C offenses had no connection to the facts underlying the arrest for the class A offenses. The trial court again granted J.E.'s motion for expunction and signed the order on March 6, 2019. The Department filed its notice of restricted appeal on September 4, 2019.

## II. RESTRICTED APPEAL

### A. Standard of Review

Restricted appeals are governed by Rule 30 of the Texas Rules of Appellate Procedure. When a party does not participate in person or through counsel in a hearing that results in a judgment, that party may be eligible for a restricted appeal. *See* TEX. R. APP. P. 30.

To sustain a restricted appeal, the filing party must prove: (1) the party filed notice of the restricted appeal within six months after the judgment was signed; (2) the party was a party to the underlying lawsuit; (3) the party did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent from the fact of the record. *Pike–Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see also Tex. Dep't of Pub. Safety v. Gamboa*, No. 13-16-00275-CV, 2018 WL 2440500, at *1–2 (Tex. App.—Corpus Christi–Edinburg May 31, 2018, no pet.) (mem. op.).

3

**B.     Applicable Law and Discussion**

In order to be entitled to a restricted appeal, the Department must meet the criteria related to a restricted appeal. The Department established that it filed a notice of restricted appeal within six months of the judgment and that it was a party to the underlying lawsuit, thereby meeting the first two prongs required. However, the third prong required the Department to show it did not participate in the hearing, file any post-judgment motions, or request findings from the trial court. *See Pike–Grant*, 447 S.W.3d at 886.

We are required to liberally construe the non-participation requirement for restricted appeals in favor of the right to appeal. *Id.*, 447 S.W.3d at 886; *Stubbs v. Stubbs*, 685 S.W.2d 643, 644–45 (Tex. 1985). "The nature and extent of participation precluding a restricted appeal in any particular case is a matter of degree because trial courts decide cases in a myriad of procedural settings." *Texaco, Inc. v. Cent. Power & Light Co.*, 925 S.W.2d 586, 589 (Tex. 1996). The question is whether the appellant has participated in "the decision-making event" that results in the judgment adjudication of appellant's rights. *Id*; *In re B.H.B.*, 336 S.W.3d 303, 305 (Tex. App.—San Antonio 2010, pet. denied). A restricted appeal is not an equitable proceeding. *Texaco, Inc.*, 925 S.W.2d at 590. "[A restricted appeal] appellant is not required to show diligence or lack of negligence before its complaints will be heard [because] it is the fact of nonparticipation, not the reason for it, that determines the right to [a restricted appeal]." *Id.*; *see In re Marriage of Butts*, 444 S.W.3d 147, 152 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Midstate Envtl. Servs., LP v. Peterson*, 435 S.W.3d 287, 291 (Tex. App.—Waco 2014, no pet.); *Orgoo, Inc. v. Rackspace US, Inc.*, 341 S.W.3d 34, 40 (Tex. App.—San Antonio 2011, no pet.); *see*

*also McBride v. Mail Sys. Coordinator's Panel*, No. 13–05–560–CV, 2008 WL 2151523, at *3 (Tex. App.—Corpus Christi–Edinburg May 22, 2008, pet. denied) (mem. op.).

Although the Department filed an answer and general denial, it did not appear at either hearing in this case. J.E. argued that because it did not appear, the Department "waived its objections." However, even though the State appeared and had no objection to the expunction, courts have found that because an expunction proceeding is civil in nature, each agency is entitled to represent itself. *Tex. Dep't of Pub. Safety v. Katapodis*, 886 S.W.2d 455, 458 (Tex. App.—Houston [1st Dist.] 1994, no pet.). Because the Department did not agree to the expunction, we find it meets the third prong of the requirements for a restricted appeal.

Having determined that the Department meets the first three requirements, we now turn to whether error is apparent on the face of the record.

### III.     EXPUNCTION

By two issues, the Department argues that J.E. was not entitled to an expunction. It alleges that J.E. was convicted of an offense arising out of the same arrest and the evidence was legally insufficient to support the expunction.

### A.     Standard of Review

We review a trial court's ruling on a petition for expunction for an abuse of discretion. *Tex. Dep't of Pub. Safety v. G.B.E.*, 459 S.W.3d 622, 624 (Tex. App.—Austin 2014, pet. denied) (en banc). A trial court abuses its discretion when it renders a decision that is (1) arbitrary, unreasonable, or without reference to guiding rules or principles, or (2) without supporting evidence. *Id.* However, to the extent that the court's ruling on an expunction petition turns on a question of law, we review that ruling de novo because the

5

trial court has no discretion in determining what the law is or applying the law to the facts. *Id.*; *Tex. Dep't of Pub. Safety v. Ibarra*, 444 S.W.3d 735, 738 (Tex. App.—Corpus Christi–Edinburg 2014, pet. denied).

Because this is a restricted appeal, our review is limited to the face of the record. *See Ginn v. Forrester*, 282 S.W.3d 430, 431 (Tex. 2009) (per curiam). The "face of the record" includes all papers on file in the appeal and the reporter's record, if any. *Norman Commc'ns. v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam); *see also Tex. Dep't of Pub. Safety v. Salazar*, No. 13-12-00771-CV, 2013 WL 4399185 at *2 (Tex. App.—Corpus Christi–Edinburg Aug. 15, 2013, no pet.) (mem. op.). The requirement that error be apparent from the face of the record means that "error that is merely inferred will not suffice." *Ginn*, 282 S.W.3d at 431. With this limitation, our scope of review is otherwise the same as in an ordinary appeal. *Ex Parte Vega*, 510 S.W.3d 544, 548 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.).

### B. Applicable Law

The remedy of expunction permits a person who has been arrested for the commission of a criminal offense and released, and who meets certain other conditions, to have the opportunity to have all records and files related to that arrest removed from the government's records. *See* Tex. Code Crim. Proc. Ann. art. 55.01; *see also Vega*, 510 S.W.3d at 548. Although the statute is codified in the Texas Code of Criminal Procedure, an expunction proceeding is civil in nature. *Vega*, 510 S.W.3d at 548. As in other civil proceedings, it is the petitioner's burden to show that all the statutory conditions have been met. *Id.* And because expunction is not a right but a statutory privilege, each of the statutory conditions for expunction are mandatory and exclusive. *Id.* It is an abuse

6

of discretion for the trial court to order an expunction when the statutory conditions have not been met because the court possesses "no equitable power to permit expunction where it is not allowed" by statute. *Id.*

J.E.'s expunction requires us to interpret the expunction statute. Statutory interpretation is a question of law that we also review de novo. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). Our goal in interpreting a statute is to give effect to the legislature's intent as expressed by the language in the statute. *Id.* We assume that the statute's words bear their "plain and common meaning" unless the Legislature provided a definition or another meaning that is apparent from the context. *Id.* at 625–26. We consider the statute as a whole, reading each word and phrase in context, and attempt to give effect to every part. *Mid–Century Ins. Co. of Tex. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007). If the meaning of statutory language is clear and unambiguous, we may not resort to rules of construction or extrinsic aids. *City of Rockwall*, 246 S.W.3d at 626. However, we may also consider the object the Legislature sought to attain by enacting the statute. *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 87 (Tex. 2006) (citing TEX. GOV'T CODE ANN. § 311.023(1)); *see Gamboa*, 2018 WL 2440500 at *3.

Article 55.01(a) of the expunction statute governs a petitioner's right to expunction and provides, in relevant part, that:

> (a)     A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> . . .
>
> (2)     the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under

7

Article 42.12 for the offense, unless the offense is a Class C misdemeanor, provided that:

(A)  regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested:

(i)  has not been presented against a person at any time following the arrest, and:

TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2).

## C.  Discussion

To establish entitlement to expunction based on dismissal under article 55.01(a)(2), J.E. was required to prove that: (1) he has been released; (2) the charge, if any, has not resulted in a final conviction; (3) the charge, if any, is no longer pending; and (4) there was no court-ordered community supervision under Chapter 42A of the Texas Code of Criminal Procedure. *See id.* art. 55.01(a)(2)(A); *see also G.B.E.*, 459 S.W.3d at 626.

Article 55.01(a) provides that "[a] person who has been placed under a custodial or noncustodial arrest" may "have *all* records and files *relating to the arrest*" expunged if certain conditions are met. TEX. CODE CRIM. PROC. ANN. art. 55.01 (emphasis added). The records and files relating to "the offense" encompass the whole of the records and files relating to "the arrest." *State v. T.S.N.*, 547 S.W.3d 617, 621 (Tex. 2018). Although the Texas Supreme Court expressly declined to decide whether article 55.01(a)(2) is arrest-based or charge-based, a majority of our sister courts have held that the expunction

8

statute is arrest-based, "meaning that the applicant may not obtain an expunction of records unless all charges stemming from the arrest meet" the requirements of article 55.01(a)(2). *See e.g., In re Expunction of J.G.*, 588 S.W.3d 290, 293 (Tex. App.—El Paso 2016, no pet.); *In re Expunction*, 465 S.W.3d 283, 292 (Tex. App.—Houston [1st Dist] 2015, no pet.); *see Ex Parte S.D.*, 457 S.W.3d 168, 172 (Tex. App.—Amarillo 2015, no pet.); *S.J. v. State*, 438 S.W.3d 838, 845-46 (Tex. App.—Fort Worth 2014, no pet.); *Tex. Dep't of Pub. Safety v. Dicken*, 415 S.W.3d 476, 481 (Tex. App.—San Antonio 2013, no pet.); *see also Ex Parte Davila*, No. 13-15-00202-CV, 2016 WL 872997, at *5 (Tex. App— Corpus Christi–Edinburg Feb. 18, 2016, no pet.) (mem. op.) (stating the statute is arrest-based and does not permit expunction when the applicant pleaded guilty to one charge in exchange for a dismissal); *Ex parte M.G.*, No. 10-13-00021-CV, 2013 WL 397225 (Tex. App.—Waco Aug. 1, 2013, no pet.) (mem. op.).

A petitioner seeking expunction under article 55.01(a)(2) must satisfy additional requirements, depending on factors such as the category of crime charged and whether additional charges were brought based on the same transaction for which the person was arrested. *In re Expunction*, 465 S.W.3d at 287. Nothing in article 55.01 requires either the State or an applicant seeking expunction to demonstrate that one charge is or is not a lesser-included offense of another. *Id.* at 291. Article 55.01's focus is on the severity of the charges resulting from the arrest or criminal transaction and on their dispositions, not on their legal relationship to each other. *Id.*

J.E. was originally arrested for seven class A charges. As part of a plea agreement, he pleaded guilty to seven class C misdemeanors and the State dismissed the class A charges. The record reflects that the original charges against J.E. resulted in final

9

convictions for the lesser class C misdemeanor offenses. Each dismissal for the class A offenses stated that the dismissals were the result of J.E. pleading guilty to the companion class C offenses. *See Ex parte C.L.F.*, No. 10-17-00255-CV, 2020 WL 950091, at *3 (Tex. App.—Waco February 26, 2020, no pet. h.) (mem. op.) (holding that because C.L.F. pleaded guilty to a lesser-included offense, she was not entitled to an expunction); *see also Ex parte McKinney*, No. 13-16-00197-CV, 2017 WL 1479454, at *1 (Tex. App.—Corpus Christi–Edinburg Apr. 20, 2017, no pet.) (mem. op.) (concluding that a class C misdemeanor conviction was a lesser-included offense of a class B misdemeanor which precluded expunction.). J.E. has failed to meet his burden of proving that all of the statutory requirements have been met as the record reflects that his arrest resulted in a final conviction. Therefore, there was error apparent on the face of the record and the trial court abused its discretion in granting the expunction of J.E.'s arrest. *See G.B.E.*, 459 S.W.3d at 624. We sustain the Department's first two issues.

## IV.    CONCLUSION

We reverse the trial court's order granting J.E.'s expunction and render judgment denying J.E.'s petition for expunction.

GINA M. BENAVIDES,
Justice

Delivered and filed the
9th day of April, 2020.

10