

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00176-CV

———————————————

METRO SOLUTIONS TEXAS, LLC AND BRIAN RADICAN, Appellants

V.

CRAIG SMITH, Appellee

On Appeal from the 16th District Court
Denton County, Texas
Trial Court No. 19-10071-16

Before Sudderth, C.J.; Womack and Wallach, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

### I. Introduction

Appellee Craig Smith took separate no-answer default judgments against Appellants Metro Solutions Texas, LLC and Brian Radican. Within six months of the default judgments, Metro Solutions and Radican filed a notice of restricted appeal. *See* Tex. R. App. P. 30.

Radican contends that the default judgment taken against him is void because the trial court rendered it after having lost its plenary jurisdiction. We agree. The default judgment taken against Metro Solutions was the final judgment, and the trial court signed the default judgment against Radican more than thirty days later. We vacate the default judgment against Radican.

Next, Metro Solutions contends that Smith presented the wrong measure of damages for a claim under the Texas Deceptive Trade Practices Act (DTPA) and that the evidence is legally insufficient to support the damages awarded against it. Because Smith pleaded and proved the damages awarded, we hold that legally sufficient evidence supports the trial court's damages award.

Another of Metro Solutions' complaints is that the trial court improperly quadrupled the damage award under the DTPA. We agree and modify the judgment to cap the DTPA award at treble damages.

Turning to the award of attorney's fees, Metro Solutions asserts that because Smith pleaded causes of action for which attorney's fees could and could not be

awarded and because Smith did not segregate his attorney's fees incurred between the two, the trial court erred by awarding attorney's fees for both types. We agree, reverse the award of attorney's fees, and remand the cause to the trial court for a new trial on attorney's fees.

Finally, because the default judgment against Metro Solutions was the final judgment, because that judgment effectively ordered that Smith take nothing from Radican, and because Smith did not appeal, we affirm the take-nothing-from-Radican portion of the final judgment.

## II. Background

### A. Factual Background

Smith contracted with Metro Solutions to build an additional room onto a house. Dissatisfied with Metro Solutions' work, Smith sued Metro Solutions and Radican, Metro Solutions' president.

### B. Smith Takes a No-Answer Default Judgment Against Metro Solutions

Smith successfully served Metro Solutions on October 24, 2019, and when Metro Solutions did not file an answer, Smith moved for a default judgment against it on December 4, 2019. Two days later, on December 6, 2019, the trial court signed an order entitled, "Order on Final Default Judgment against Defendant," in which the only named parties were Smith and Metro Solutions. The order, however, concluded, "This judgment, having disposed of all parties and all claims, is final and appealable."

## C. Smith Takes a No-Answer Default Judgment Against Radican

Smith did not successfully serve Radican until November 25, 2019, about a month after having served Metro Solutions. Like Metro Solutions, Radican did not file an answer, so Smith moved for a default judgment against him on January 9, 2020, and on the same day, the trial court granted an "Order on Final Default Judgment against Defendant." This order named only Smith and Radican as parties, but it concluded, as did the earlier default judgment against Metro Solutions, with the language, "This judgment, having disposed of all parties and all claims, is final and appealable."

## D. Metro Solutions and Radican File a Restricted Appeal

Later, on June 4, 2020, Metro Solutions and Radican filed a "Defendants' Notice of Restricted Appeal" attacking both the December 6, 2019 and January 9, 2020 default judgments. *See* Tex. R. App. P. 30. As required, they filed their notice of appeal within six months of both judgments' dates. *See* Tex. R. App. P. 26.1(c), 30.

## III. Discussion

## A. Restricted Appeals

To prevail in a restricted appeal, the filing party must show:

- it filed notice of the restricted appeal within six months after the judgment was signed;

- it was a party to the underlying lawsuit;

4

- it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and

- error is apparent on the face of the record.

*Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020). The face of the record in a restricted appeal consists of the papers on file with the trial court when it renders judgment. *Clamon v. DeLong*, 477 S.W.3d 823, 825 (Tex. App.—Fort Worth 2015, no pet.). The scope of review in a restricted appeal is the same as in an ordinary appeal, but the standard of review differs in that, in a restricted appeal, the reviewing court may not draw inferences or presumptions from the record but must look solely to the face of the record itself. *Ex parte E.M.P.*, 572 S.W.3d 361, 363–64 (Tex. App.—Amarillo 2019, no pet.). Thus, in a restricted appeal, the error must be apparent, not inferred. *Id.* at 364.

Metro Solutions and Radican meet the first three elements. Smith does not assert otherwise. The dispute is thus over whether they can meet the fourth element—whether they can show error on the face of the record.

## B. Metro Solutions and Radican's issues

Metro Solutions and Radican bring one "Global Issue" with nine subparts:

**Global Issue** — Did the trial court err and abuse its discretion in entering the December 6 and January 9 no-answer default judgments?

*Subsidiary Issues Include*:

5

(a) *Restricted Appeal* — Have Appellants met the requirements for a restricted appeal?

(b) *Error on the Face of the Record* — Is there error on the face of the record, requiring a reversal or modification of the two judgments?

(c) *Void Judgment* — Is the January 9 judgment void because it was entered after the trial court lost jurisdiction?

(d) *Actual Damages* — Is there legally insufficient evidence to support the awards of actual damages under legally correct measures of damages?

(e) *Double Recoveries* — Do the two judgments (together) erroneously award Smith double recoveries of actual damages, additional DTPA damages, and attorney's fees?

(f) *Additional DTPA Damages* — Should the awards of additional DTPA damages be reversed for a redetermination? Alternatively, should the awards be reduced so that Smith recovers only treble damages, not quadruple damages?

(g) *Attorney's Fees* — Should the awards of attorney's fees be remanded for a redetermination? Did Smith fail to properly segregate attorney's fees?

(h) *Economic-Loss Rule* — Should the negligence and common-law fraud claims be eliminated, since they violate the economic-loss rule?

(i) *Fraud* — Should the common-law fraud and fraudulent inducement claims be eliminated because Smith's claims lie in contract?

## C. The Default Judgment Against Radican

Radican argues that the December 6, 2019 default judgment was a final judgment, that the trial court's plenary jurisdiction expired thirty days later on January

5, 2020,[1] and that the trial court's January 9, 2020 default judgment is therefore void.[2] We agree.

The December 6, 2019 default judgment against Metro Solutions concluded with language that the Texas Supreme Court has held renders a judgment final: "This judgment, having disposed of all parties and all claims, is final and appealable." *See In re Elizondo*, 544 S.W.3d 824, 825 (Tex. 2018) (orig. proceeding) ("This judgment is final, disposes of all claims and all parties, and is appealable."); *In re Daredia*, 317 S.W.3d 247, 248 (Tex. 2010) (orig. proceeding) ("This judgment disposes of all parties and all claims in this cause of action and is therefore FINAL."). Although no "magic language" renders a judgment final, "a trial court may express its intent to render a final judgment by describing its action as (1) final, (2) a disposition of all claims and parties, and (3) appealable." *Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020). When the trial court clearly intends to render a final judgment, the record cannot gainsay that intent: "[A] clear and unequivocal statement of finality must be 'given effect' even if review of the record would undermine finality." *Id.* The final judgment might contain error because it improperly disposed of a party or a claim, but

---

[1]January 5, 2020, fell on a Sunday, so the trial court's plenary power technically expired on Monday, January 6, 2020, but this does not change our analysis. *See* Tex. R. Civ. P. 4.

[2]Because this issue affects only Radican, we refer to it as his issue.

the complaining party's remedy is to appeal: "If the final judgment is deficient, the remedy comes by appeal, not by the deprivation of appellate jurisdiction." *Id.* at 802.

Because the December 6, 2019 default judgment recites, "This judgment, having disposed of all parties and all claims, is final and appealable," the judgment clearly and unequivocally states that it disposes of all claims and all parties, and it is final. *See id.* at 801. The quoted language is incompatible with reserving other issues or parties for later disposition. *See generally Dimerling v. Grodhaus*, 261 S.W.2d 561, 562 (Tex. 1953) (providing that a judgment expressly reserving issues for later disposition is not final).

Consequently, the trial court lost plenary jurisdiction 30 days after December 6, 2019, *see* Tex. R. Civ. P. 329b(d); *Daredia*, 317 S.W.3d at 248, 250, and the trial court was without jurisdiction to enter the January 9, 2020 default judgment against Radican. The January 9 judgment is void. *See Alaimo v. U.S. Bank Tr. Nat'l Ass'n*, 551 S.W.3d 212, 218 (Tex. App.—Fort Worth 2017, no pet.).

We sustain Radican's subissues (a) (restricted appeal requirements), (b) (error on the face of the record), and (c) (void judgment).

## D. The Default Judgment Against Metro Solutions

### 1. Damages Under the DTPA

Metro Solutions argues that the evidence is legally insufficient to support the damages awarded against it under the DTPA.[3]  *See* Tex. Bus. & Com. Code Ann. § 17.50(b)(1).  The judgment awarded Smith damages of $8,213.23,[4] which Smith arrived at in the following manner,

- $3,100 for repairs to an inoperable closet;[5]

- $4,243.29 for reasonably necessary temporary housing;

- $224.94 for storage fees due to the delays;

- $246 for Metro Solutions' final billing statement;

- $300 for termite treatment that Metro Solutions had not performed; and

- $100 for professional cleaning.

In Smith's petition, he requested damages and provided a list of breaches and the damages caused by those breaches that corresponds to the damages the trial court

---

[3]Because the December 6, 2019 judgment did not award any damages against Radican and because we have held that the January 9, 2020 judgment against Radican is void, Metro Solutions is the only appellant adversely affected by the December 6, 2019 judgment.  We thus restrict this argument to Metro Solutions.

[4]Smith set forth this total, but the amounts he listed total $8,214.23.

[5]*See* Tex. Bus. & Com. Code Ann. § 17.45(11) ("'Economic damages' means compensatory damages for pecuniary loss, including costs of repair and replacement.")

awarded in the judgment. Thus, Smith met his burden of pleading the damages that he sought. *See AKIB Constr. Inc. v. Shipwash*, 582 S.W.3d 791, 809 (Tex. App.—Houston [1st Dist.] 2019, no pet.). Smith's affidavit supporting his motion for default judgment addressed these damages, and the judgment matched those damages that Smith both pleaded and proved up with his affidavit. Thus, the damage award is supported by legally sufficient evidence.

We overrule Metro Solutions' subissue (d) (actual damages).

## 2. Treble or quadruple damages

In Metro Solutions' subissue (f), it maintains that the judgment erroneously awarded quadruple damages instead of the treble damages authorized under the DTPA. *See Dal-Chrome Co. v. Brenntag Sw., Inc.*, 183 S.W.3d 133, 143–44 (Tex. App.—Dallas 2006, no pet.); *see also Reyelts v. Cross*, 968 F. Supp. 2d 835, 845 n.3 (N.D. Tex. 2013) (discussing wrinkle caused by *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 304, 314–15 (Tex. 2006)), *aff'd*, 566 Fed. Appx. 316 (5th Cir. 2014).

The judgment awarded Smith $8,213.23 in damages and an additional $24,639.69 in treble damages. We agree that the judgment erroneously awards quadruple damages, sustain Metro Solutions' subissues (a) (restricted appeal requirements), (b) (error on the face of the record), and (f) (additional DTPA damages), and modify the trial court's judgment to limit the DTPA award to $24,639.69, which is three times the amount of actual damages. *See Dal-Chrome Co.*, 183 S.W.3d at 144.

10

### 3. Attorney's fees

Metro Solutions argues in subissue (g) that the award of attorney's fees should be reversed because the attorney's-fee affidavit does not segregate between work performed on those claims for which attorney's fees can be awarded and those claims for which attorney's fees cannot. *See Tony Gullo Motors I, L.P.*, 212 S.W.3d at 313. Specifically, Metro Solutions points to Smith's petition, which included a claim for negligence—a claim for which attorney's fees are not recoverable. *See, e.g.*, *Gulf States Utils. Co. v. Low*, 79 S.W.3d 561, 568 (Tex. 2002).

We agree with Metro Solutions that the affidavit supporting attorney's fees does not segregate between work performed on those causes of action for which attorney's fees are recoverable and those for which they are not. And although the attorney's fees attributable to the negligence cause of action may be nominal, "unrecoverable fees [are not] rendered recoverable merely because they are nominal." *Tony Gullo Motors I, L.P.*, 212 S.W.3d at 313. We sustain Metro Solutions subissue (g) (attorney's fees) and remand the award of attorney's fees to the trial court for a new trial.

### 4. Other Subissues

Metro Solutions and Radican have other subissues that we have not addressed, but our above disposition renders those subissues moot, so we need not decide them. *See* Tex. R. App. P. 47.1.

11

**5. Radican and the December 6, 2019 Default Judgment**

In Metro Solutions and Radican's brief, they assert that Smith can no longer recover against Radican. We agree. The December 6, 2019 judgment was final and did not grant Smith any relief against Radican. Under these circumstances, the December 6, 2019 judgment effectively denied Smith's claims against Radican on their merits. *See Vance v. Wilson*, 382 S.W.2d 107, 109 (Tex. 1964) (stating that when a case is prosecuted to a final judgment, but the judgment does not dispose of all the claims raised by the pleadings, the judgment is construed to deny relief on those claims not expressly addressed). And Smith did not appeal the take-nothing judgment against Radican.

## IV. Conclusion

We (1) vacate the trial court's January 9, 2020 default judgment against Radican as void, *see Alaimo*, 551 S.W.3d at 221; (2) modify the trial court's December 6, 2019 judgment to limit the DTPA award to $24,639.69, which is three times the amount of actual damages; (3) reverse the award of attorney's fees in the December 6, 2019 default judgment and remand that issue to the trial court for a new trial; and (4) affirm the remaining portions of the December 6, 2019 default judgment, including the denial of Smith's claims against Radican.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: December 2, 2021

12